GEORGE F. BURNS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed April 3, 1925.

2. It is not error to exclude testimony of mere conclusions for purposes of impeachment particularly where on the record no harm could have resulted from such exclusion.

2. Where a proposed juror states on *voir dire* that he could render a fair and impartial verdict based entirely upon the evidence and the law as given by the court, and that if there be a reasonable doubt in his mind as to the defendant's guilt, he would find him not guilty, and there is nothing in the *voir dire* examination to indicate that the juror was not legally qualified or that he was in fact not impartial, it is not error to let him serve as a juror in the case.

3. Where a juror is not challenged because he served on the grand jury that found the indictment, and it does not appear that such juror participated in finding the particular indictment or that he was present when the grand jury heard or considered the case, it is not error to let him serve as a trial juror in the case.

A Writ of Error to the Circuit Court for Volusia County; J. J. Dickinson, Judge.

Affirmed.

*Scarlett & Jordan,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

WHITFIELD, J.—This writ of error was taken to a judgment of conviction of murder in the first degree with a recommendation to mercy, the sentence being to life imprisonment. The indictment charged the plaintiff in error with murder in the first degree and the verdict responds thereto.

At the trial a witness in testifying as to the circumstances of the homicide committed on a highway in an automobile, stated that her husband Charles Brown fired the first shot at the deceased a taxi driver while sitting back of him, and that afterwards her husband and the defendant who was traveling with the witness and her husband

took the helpless body of the deceased from the car and two more shots were fired after the deceased was lying on the ground. The witness denied that she had told a companion in jail that the defendant was innocent and that her husband did it all. The jail companion was called as a witness and was not permitted to testify that the previous witness had stated to her that the defendant is innocent 'and that her husband "did it all" or "was guilty." Even if a sufficient predicate had been laid, the statements if made were mere conclusions particularly in view of the testimony of the witness sought to be impeached as to the circumstances of the homicide, viz: that her husband fired the first shot in the deceased's back and that her husband and the defendant pulled the body from the car and two more shots were fired while the deceased was lying on the ground, both being at the body when the last shots were fired, and both being at the car when the first shot was fired followed by a rifling of deceased's pockets.

A juror challenged for cause stated in response to questions by the court, that he could render a fair and impartial verdict based entirely upon the evidence and the law as given by the court, and that if there be a reasonable doubt in his mind as to the defendant's guilt, he would find him not guilty. There is nothing in the *voir dire* examination to indicate that the juror was not legally qualified, or that he was in fact not impartial.

If one of the trial jurors served upon the grand jury that found the indictment, it does not appear that such juror participated in finding this indictment or that he was present when the grand jury considered the case, and there were no questions on *voir dire* examination to ascertain whether the juror was a member of the particular grand jury, and there was no challenge made under Section 6005, Revised General Statutes of 1920. See Ferrell v. State, 45 Fla. 26, 34 South. Rep. 220; Long v. State, 78 Fla. 464, 83

South. Rep. 293.   The juror was not shown to have been disqualified and was not challenged for proper cause. Denmark v. State, 43 Fla. 182, 31 South. Rep. 269.

The latter matter is considered because the conviction is of murder, even though it be not properly presented.

Affirmed.

WEST, C. J., AND ELLIS, BROWNE AND TERRELL, J. J., concur.