### EX PARTE GEORGE L. SULLIVAN

19 So. (2nd) 611
October 17, 1944
Rehearing denied November 28, 1944

June Term, 1944
En Banc

112

*Zach H.. Douglas* and *W. Robert Smith,* for petitioner.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for respondent.

TERRELL, J.:

This is a habeas corpus proceeding in which petitioner seeks to avoid a judgment of murder in the first . degree wherein the extreme penalty was imposed on him. It is contended that the judgment is void because one of the jurors who rendered the verdict was disqualified because of being a deputy sheriff and that this fact was not known to petitioner until months after his conviction.

The judgment imposing the death penalty was affirmed by this Court, petition for rehearing was denied, and petition for leave to file a writ of error coram nobis was denied May 26, 1944. The latter was predicated on the same ground as the present petition for habeas corpus. The fact of being a deputy sheriff is a legal disqualification for jury duty, Section 40.07, Florida Statutes 1941, but. if one of the jurors in this case was in fact a deputy sheriff, (a question in dispute that we are not required to decide) the verdict and judgment are not void.

The fact of being a deputy sheriff is a ground of challenge for cause, Section 913.03, Florida Statutes 1941, but if the right to challenge for cause is not exercised before the juror is sworn to try the cause it is lost, Section 913.04, Florida Statutes 1941. If one of the jurors was in fact a deputy sheriff, it was a matter of record available to the petitioner at the trial and should have been seasonably raised. He should have been challenged for cause and exception taken on refusal of the challenge. The challenged error could have then been reviewed on appeal.

We have examined Scott v. State, 70 Miss. 247, 11 So. 657, and other cases relied on by petitioner but they present different factual situations that differentiate them from the case at bar. When the statute fixes the grounds of challenge for cause and the limit under which they may be exercised, if not so exercised, they will be considered as waived. To hold

otherwise would render trials interminable and impose an undue burden on the taxpayer.

Petitioner does not allege that the juror in question was biased or prejudiced or that he did not receive a fair and impartial trial. His petition is based on grounds that might have been available on appeal but cannot be reached on habeas corpus.

The petition is therefore denied.

BUFORD, C. J., CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

BROWN, J., concurs in conclusion.

