291 So.2d 110 (1974)
BOCA TEECA CORPORATION, Appellant,
v.
PALM BEACH COUNTY, a political Subdivision of the State of Florida, Appellee.
No. 72-974.
District Court of Appeal of Florida, Fourth District.
February 28, 1974.
Jos. D. Farish, Jr., of Farish & Farish, West Palm Beach, for appellant.
Michael B. Small, Co. Atty., and H. Adams Weaver, Asst. Co. Atty., West Palm Beach, for appellee.
OWEN, Chief Judge.
Under its power of eminent domain, Palm Beach County took a parcel of appellant's property for road right-of-way. Appellant, being dissatisfied with the amount of compensation awarded by the jury, appealed from the judgment entered thereon. We conclude that the judgment must be reversed and the cause remanded for a new trial because appellant was denied the right to a fair and impartial jury.
In this case, one of the prospective jurors who had been seated in the jury box stated upon voir dire examination that he was at that time an employee of Palm Beach County. He described his employment as being a janitor at the County Home on 45th Street in West Palm Beach. He stated that he was also a minister of the Pentecostal Church. He affirmed unequivocably that his employment by Palm Beach County would not affect his determination of the issues submitted and that he could be a fair and impartial juror in the case. At the *111 conclusion of the voir dire examination and prior to the jury panel being sworn to try the issues, appellant's counsel challenged this juror for cause on the grounds that he was an employee of Palm Beach County, a party to the suit. The court denied the motion to excuse this juror for cause. Appellant exhausted its peremptory challenges on other veniremen, and the panel was sworn with this juror remaining.
The right of a party to challenge a juror for cause is governed by F.S. Section 53.021(1), F.S.A.[1] The several grounds of challenge for cause are in the disjunctive, and the existence of any ground entitles the party to have the challenge sustained and the juror excused for cause. In other words, once it was shown indisputably that the juror was at that time an employee of the plaintiff, Palm Beach County, the defendant was entitled to have its timely challenge for cause sustained and the juror excused witthout more, notwithstanding the fact that the juror might be (and, indeed, probably was) fair and impartial, standing indifferent as to the parties or the action. A fair and impartial jury denotes jurors who are not only fair and impartial, but also qualified.
Appellee contends that the juror's employment with Palm Beach County was "part-time" or secondary to his principal occupation as a minister. The record does not reflect this, and a reading of the relevant portions of the voir dire examination leaves the impression that his livelihood was derived primarily from his job with Palm Beach County. Be that as it may, neither the nature nor extent of the employment is material except as it bears on the question of whether an employee-employer relationship between the juror and a party to the cause did exist in fact. In this case, that issue is undisputed, and the statutory ground for challenge for cause was applicable.
For that reason only, the judgment is reversed and this cause remanded for a new trial. Appellant's remaining points are either without merit or do not demonstrate harmful error, and none of them require discussion.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.
NOTES
[1] F.S. § 53.021(1), F.S.A. "Challenge of jurors; for cause.  (1) On motion of any party the court shall examine on oath any prospective juror to determine whether he is related to any party or to the attorney of any party within the third degree, or is related to any person alleged to have been wronged or injured by the commission of the wrong for the trial of which the juror is called, or has any interest in the action, or has formed or expressed any opinion, or is sensible of any bias or prejudice therein, or is an employee or has been an employee of any party within thirty days before the trial. A party objecting to the juror may introduce any other competent evidence to support the objection. If it appears that the juror does not stand indifferent to the action or any of the foregoing grounds of objection exist, or that he is otherwise incompetent, another shall be called in his place." (Emphasis Supplied.)