338 So.2d 1121 (1976)
Daniel W. RODGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 75-178.
District Court of Appeal of Florida, Fourth District.
October 29, 1976.
Rehearing Denied November 23, 1976.
James J. English, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
TEDDER, GEORGE W., Jr., Associate Judge.
This case comes before this Court on appeal from a judgment of conviction of second degree murder and sentence of twenty-five years in the Division of Corrections. Appellant was charged with the offense of murder in the second degree and pled not guilty. He was found guilty as charged by a six man jury.
Although there are a number of points raised by appellant as grounds for a new trial, we find only one point has merit. That point stems from the conduct of one of the jurors. The record indicates that the juror in question was asked, during voir dire, specific questions as to her age, education and work experience. She was specifically asked how old she was and stated she was 21. The record also indicates that just prior to the jury rendering its verdict, appellant's attorney was advised of the possibility of the juror's minority. This information came to appellant's attorney without any specific evidence. No objections were raised by appellant prior to the jury verdict. The record is now clear that the juror did indeed lie when asked her age and lied about other matters as well. Indeed, at the time of trial the juror was seventeen (17) years old. The issue then arises as to whether the appellant, Rodgers, had a fair and impartial trial by six (6) qualified jurors.
Article 1, Sec. 22, The Florida Constitution, provides:

*1122 "The right of trial by jury shall be secure to all and remain inviolate. The qualifications and the number of jurors, not fewer than six, shall be fixed by law."
Sec. 913.10, Florida Statutes, and Rule 3.270, Florida Rules of Criminal Procedure, provide that six (6) persons shall constitute a jury to try all other criminal cases other than capital cases.
Sec. 913.12, Florida Statutes, states that the qualifications of jurors in criminal cases shall be the same as their qualifications in civil cases.
Sec. 40.01(1), Florida Statutes, provides that grand and petit jurors shall be taken from the male and female persons over the age of twenty-one (21) years. The Florida Supreme Court, in the case of Reed v. State, 292 So.2d 7 (1974), held that eighteen (18) year-olds are eligible for jury duty.
This Court recognizes the multitude of statutes wherein reference is made to minors: Florida Statutes, 744.102(5), an "incompetent" is a person who, because of minority ... is incapable of either managing his property or caring for himself, or both. An "infant" or a "minor" is a person under eighteen (18) years of age whose disabilities have not been removed by marriage or otherwise. Florida Statutes, 62.011, on removal of disabilities: Minors.
These statutes, and many others not cited by this Court, enacted by the Legislature, obviously make clearcut distinctions between minors and adults. While the age of majority might be considered somewhat arbitrary, whether it is eighteen (18) or twenty-one (21), nevertheless, a person, until he reaches the age of majority, (age 18), is considered, by operation of law, "incompetent" to perform certain acts. Thus a minor cannot vote in Federal and State elections. He cannot act as an executor or administrator. His contracts with adults are voidable by him until he reaches the age of majority, and he is not eligible to serve on a jury.
Obviously, the effect of these statutes is to clothe the minor with the presumption that he is not able to completely understand and judge all that will affect him until he reaches his age of majority.
The blatant untruths by the juror were certainly indicative of her inability to comprehend the seriousness of the responsibility that was before her.
We have noted the numerous cases cited by appellant regarding the statutory qualifications of jurors, but find none of them directly on point. Furthermore, although cognizant that much of the case law requires a showing of actual prejudice to the defendant's rights, nevertheless, this Court feels that the distinction in the case sub judice lies with the fact that one of the jurors, by virtue of being a minor, was legally incompetent to serve as a juror.
The right to a fair and impartial jury is an organic right pursuant to Article 1, Sec. 22, of The Florida Constitution, and this Court strongly believes that "[a] fair and impartial jury denotes jurors who are not only fair and impartial, but also qualified", Boca Teeca Corporation v. Palm Beach County, 291 So.2d 110 (Fla. 4 DCA 1974).
For the foregoing reasons the judgment and sentence is reversed and this cause is remanded for a new trial.
REVERSED AND REMANDED.
MAGER, C.J., and DOWNEY, J., concur.