347 So.2d 610 (1977)
STATE of Florida, Petitioner,
v.
Daniel W. RODGERS, Respondent.
No. 50735.
Supreme Court of Florida.
April 14, 1977.
As Revised on Denial of Rehearing June 30, 1977.
*611 Robert L. Shevin, Atty. Gen., and Paul H. Zacks, Asst. Atty. Gen., for petitioner.
James J. English, West Palm Beach, for respondent.
KARL, Justice.
We have for consideration, on petition for writ of certiorari granted, a question passed upon by the Fourth District Court of Appeals and certified to this Court as a question of great public interest.[1] We have jurisdiction by virtue of Article V, Section 3(b)(3), Florida Constitution.
Respondent, Daniel W. Rodgers, was tried, convicted and sentenced to twenty-five years in prison on a charge of second degree murder. One of the six jurors who found him guilty was, at the time of the trial, only seventeen years of age. During voir dire, the youthful juror lied as to her age, education and work experience but was seated because the facts about which she lied were unknown to counsel and the court.
Although respondent's counsel, by his own affidavit, admitted he acquired notice of the juror's minority prior to the jury's rendition of the verdict, he did not inform the trial judge until after the verdict was received and the jury had been discharged and excused. A motion for new trial was denied, and respondent instituted an appeal to the District Court of Appeal, Fourth District.
Finding that Rodgers was not afforded a fair and impartial jury, as guaranteed by Article I, Section 22, Florida Constitution, because one juror was not qualified to serve, the Fourth District Court of Appeal reversed the judgment, remanded the cause for a new trial and, after denying rehearing, certified the following question to us:
"Where a jury member has been seated on the jury after lying about her age, where she is only 17 years old, and this fact is introduced to the trial court after the jury verdict was rendered, must a new trial be granted even without a showing of actual prejudice to the defendant?"
*612 In its opinion, Rodgers v. State, 338 So.2d 1121 (Fla. 4th DCA, 1976), the court reasoned in part:
"While the age of majority might be considered somewhat arbitrary, whether it is eighteen (18) or twenty-one (21), nevertheless, a person, until he reaches the age of majority, (age 18), is considered by operation of law, `incompetent' to perform certain acts. Thus a minor cannot vote in Federal and State elections. He cannot act as an executor or administrator. His contracts with adults are voidable by him until he reaches the age of majority, and he is not eligible to serve on a jury."
We find nothing in the Florida Constitution that requires every juror to be at least eighteen years of age. The only such requirement is statutory. Section 40.01(1), Florida Statutes, provides that grand and petit jurors shall be persons at least eighteen years of age who are citizens of this state,[2] who have resided in this state for one year and in their respective counties for six months, and who are fully qualified electors. Other sections of Chapter 40, Florida Statutes, describe qualifications for jurors and identify those who are disqualified. Among those specifically stated to be disqualified are deputy sheriffs. Section 40.07(2), Florida Statutes.
In Ex parte Sullivan, 155 Fla. 111, 19 So.2d 611 (1944), the Court, in a habeas corpus proceeding in which the petitioner was seeking to avoid a judgment of murder in the first degree, determined that, although one of the jurors was found to be a deputy sheriff, the verdict and judgment would not be void. Therein the Court said:
"The fact of being a deputy sheriff is a ground of challenge for cause, Section 913.03, Florida Statutes 1941, F.S.A., but if the right to challenge for cause is not exercised before the juror is sworn to try the cause it is lost, Section 913.04, Florida Statutes 1941, F.S.A. If one of the jurors was in fact a deputy sheriff, it was a matter of record available to the petitioner at the trial and should have been seasonably raised. He should have been challenged for cause and exception taken on refusal of the challenge. The challenged error could have then been reviewed on appeal."
Subsequently, the Court considered a similar case, also involving a verdict and judgment of conviction for first degree murder, in which three of the jurors were not registered voters at the time of the trial. Concluding that the failure of the jurors to have the statutory qualifications was not a basis for reversal, the Court, in Leach v. State, 132 So.2d 329 (Fla. 1961), explicated:
"On voir dire the jurors apparently stated that they were registered voters. While this would have been a valid objection to the jurors when examined on voir dire, it comes too late after acceptance of the jury and the verdict. The jurors could have been challenged for cause during the examination, but having failed to assert the cause, the objection was waived when the appellants accepted the jury. The rule might be otherwise if the disqualification of the jurors, unknown to the defendant at the trial, was subsequently revealed to be one affecting their ability to render a fair and impartial verdict. For example, if after the trial it should develop that a juror was closely related by blood to deceased and had announced his conviction regarding the guilt of the accused and had misrepresented his position when examined, such a disqualification would enter into the very fundamentals of the trial itself. This is not so with reference to the failure of the *613 juror to be a registered voter. The appellants make no contention that they were not fairly heard with an unprejudiced mind by the jurors in question. Their position offers no ground for reversal. Ex parte Sullivan, 155 Fla. 111, 19 So.2d 611; Burns v. State, 89 Fla. 353, 104 So. 447; Section 913.04, Florida Statutes, F.S.A.; 31 Am.Jur. `Jury' Sections 154-156." (Emphasis supplied.)
While recognizing that the Legislature has authority under Article I, Section 22, Florida Constitution, to require that jurors have qualifications of age, residence and voter registration, and may statutorily disqualify others by reason of criminal activity, occupation and infirmity, we are of the opinion that the seating of an unqualified or disqualified juror will not result in a reversal of a guilty verdict in the absence of a showing that such qualification deficiency affected the verdict or prevented a fair trial. There is nothing sub judice to demonstrate that the juror's condition of non-age affected her ability to render a fair and impartial verdict or that she failed to do so.
It is contended by respondent that the age requirement is different than other statutory juror qualifications. This argument proceeds on the premise that a person below the age specified by law lacks competence to serve as a juror. The argument is reinforced by the citation of many statutes imposing restrictions on activities of those who have not attained the threshold age. The premise on which respondent's argument is based is faulty, and we reject it. A person who is less than eighteen years of age is not, by reason of age alone, lacking in competence. The legislative mandate that jurors be persons who are no less than eighteen years of age imposes the duty of preventing those below that age from being included on a panel of prospective jurors. If a person below that age is somehow included, he or she should not be accepted for duty and may be successfully challenged for cause. However, non-age does not equate with incompetence, and a verdict rendered by a jury with an under-age member may be valid. As this court said in Leach, supra, an objection to a juror with less than complete qualifications comes too late after acceptance of the jury and verdict, unless it can be shown that the deficiency affected the juror's ability to render a verdict.
Additionally, sub judice the false testimony of the juror on voir dire, although reprehensible, does not appear to have prejudiced the substantial rights of the defendant to the extent that a new trial must be granted under Rule 3.600(b)(4), Florida Criminal Rules of Procedure. There is no evidence in the record to support a finding that her misconduct deprived the defendant of a fair trial.
"Not every irregularity which would subject a juror to censure should overturn the verdict. In order to authorize the setting aside of a verdict on account of misconduct of the jury, it must appear that such misconduct may have had an influence upon the final result, and caused injury to the complaining party."
5 Wharton's Criminal Law and Procedure, section 2122, page 312. Cf. Russom v. State, 105 So.2d 380 (Fla.3d DCA, 1958) and Lebowitz v. State, 313 So.2d 473 (Fla.3d DCA, 1975).
We hold that, in the absence of evidence that the defendant was not accorded a fair and impartial jury or that his substantial rights were prejudiced by the participation and misconduct of the unqualified juror, he is not entitled to a new trial.
Accordingly, we answer the certified question in the negative, quash the decision of the Fourth District Court of Appeal and remand with directions that the judgment of conviction by the trial court be reinstated.
It is so ordered.
OVERTON, C.J., and BOYD and ENGLAND, JJ., concur.
HATCHETT, J., dissents with an opinion.
*614 HATCHETT, Justice, dissenting.
I could join the majority here if it affirmed the conviction on the ground that the defense had notice before the return of the verdict that one of the jurors probably did not meet the statutory qualifications. Such a disposition would be proper and just because the defense was under a duty to communicate this fact to the trial judge before rendition of the verdict. The defense could not "gamble" on the outcome, lose, and then complain. But the majority's decision is much broader in scope. They make a rule that will govern even where the state or the defense is free from fault.
I am concerned with the practical application of such a rule. How can the convicted defendant or the state "demonstrate that the juror's condition of nonage affected her ability to render a fair and impartial verdict or that she failed to do so"? Should the moving party be allowed to call all of the jurors before the court for examination? Do we inquire into their discussions or examine their thought processes in arriving at a verdict? Or, should the juror without the statutory qualifications be questioned as to the part she played in reaching the verdict? Do we try to determine what influence she had on the other jurors? Finally, must the showing of prejudice be by a preponderance of the evidence, by clear and convincing evidence, or beyond a reasonable doubt?
The majority says, "A person who is less than eighteen years of age is not, by reason of age alone, lacking in competence." I agree. But the legislature has determined after full study and debate that it is more likely than not that a person under eighteen years of age is incompetent for purposes of jury service. Lines have always been drawn on the basis of age on the theory that those below a certain age are lacking in either experience, maturity, or wisdom to appreciate the complexities and consequences of specified activities. It is the legislature's job to make the law, and in the absence of a finding that the statute is unconstitutional, it should not be effectively stricken. The court today completes the repeal of Section 40.01(1), Florida Statutes.
I would answer the certified question in the affirmative and affirm the Fourth District Court of Appeal.

ON PETITION FOR REHEARING
The original majority opinion herein has been revised and the petition for rehearing is visited to the revised opinion and is hereby
DENIED.
OVERTON, C.J., and BOYD, ENGLAND and KARL, JJ., concur.
HATCHETT, J., dissents.
NOTES
[1] Rodgers v. State, 338 So.2d 1121 (Fla. 4th DCA, 1976).
[2] Chapter 73-21, Laws of Florida, removed the disability of non-age for persons eighteen years of age or older. (Effective July 1, 1973). In Reed v. State, 292 So.2d 7 (Fla. 1974), February 13, 1974, this Court stated:

"Under this law [Ch. 73-21], the 18-year old citizen is now eligible for jury service."
Section 40.01(1), Florida Statutes (1975), effective June 9, 1975, provides:
"Grand and petit jurors shall be taken from the male and female persons at least 18 years of age, . .. ."