Daniel W. ROGERS, Petitioner-Appellant,

v.

William E. McMULLEN, Respondent-Appellee.

No. 80–5925.

United States Court of Appeals,
Eleventh Circuit.

April 19, 1982.

Sharon B. Jacobs, Simon, Schindler & Tripp, P. A., Tobias Simon, Miami, Fla., for petitioner-appellant.

Laura R. Morrison, Asst. Atty. Gen., W. Palm Beach, Fla., for respondent-appellee.

Before FAY, ANDERSON and CLARK, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

The sole issue presented by this appeal is whether habeas petitioner Daniel Rogers[1] was denied his right to a trial by an impartial jury guaranteed to him by the Sixth and Fourteenth Amendments because of the presence of a seventeen year-old girl on the six-member jury panel that heard his case. We conclude that the constitutional right to a jury trial does not include a per se rule prohibiting seventeen year-olds from serving as jurors, and further that Rogers did not show that the seventeen year-old juror in question was biased or otherwise fundamentally incompetent. Therefore, we affirm the district court's denial of Rogers' petition for a writ of habeas corpus.

## I.

Daniel Rogers was charged with second-degree murder in an information filed in the Fifteenth Judicial Circuit Court of Florida on May 19, 1974. Pleading not guilty, Rogers demanded a trial by jury. Jury selection in Rogers' case took place on September 16, 1974. At that time, Florida law required jurors to be eighteen years of age and qualified electors.[2] Apparently, the list

---

1. We will use this spelling of the petitioner's name throughout since that is the spelling employed in the district court and in the briefs to this court. We note that the petitioner is also known as Daniel Rodgers, and that the published opinion of the Florida courts in this case refer to the petitioner by the latter name.

2. In 1974, the Florida statute specifying juror qualifications read in pertinent part:

> Grand and petit jurors shall be taken from the male and female persons over the age of twenty-one years, who are citizens of this state and who have resided in this state for

of prospective jurors was derived from the roll of registered voters in the area. One prospective juror, Dianther L. Milton, testified on voir dire that she was twenty-one years of age.[3] In fact, Milton was only seventeen years old. Therefore, she did not meet the minimum age requirement necessary to qualify as either a voter or a juror. Neither the state attorney nor defense counsel was aware of Milton's true age, and Milton was selected to serve on the jury in the Rogers trial.

Rogers' trial began on September 16, 1974, and the court submitted the case to the jury at 2:02 P.M. on September 18, 1974. The jury deliberations lasted forty-four minutes, after which the jury returned a verdict of guilty. According to an affidavit filed by Rogers' trial counsel, James L. English, an attorney claiming to represent Milton's aunt approached English approximately fifteen minutes before the jury returned its verdict and stated that his client had informed him that Milton was only sixteen or seventeen years old. English apparently went to the chambers of the trial judge in an effort to locate him, but English was unsuccessful in reaching the judge. When court reconvened to hear the jury verdict, English did not inform the trial judge of the allegation that Milton was a minor. The jury announced its verdict and court was recessed at 2:55 p.m. without English raising any objection.

Rogers filed a motion for a new trial on October 3, 1974, arguing that because Mrs. Milton was under age, he was denied his right to be tried by six qualified jurors. On October 21, 1974, Milton's mother was deposed, testifying that Milton was seventeen years old and had never worked at Southern Bell as she had testified at voir dire. Dianther Milton was deposed on November 5. Although she refused to answer questions relating to her age, status as a voter, or employment at Southern Bell on the grounds that the answers might tend to incriminate her, she testified that her testimony at voir dire regarding her education was erroneous; she was not a college student, but in fact attended a local high school.

The trial judge held a hearing on the motion for a new trial on November 13, 1974. The state thereafter stipulated that Milton was seventeen years old. On January 7, 1975, the trial judge denied the motion for a new trial. Rogers appealed to the Fourth District Court of Appeals, and that court reversed and ordered a new trial on the ground that Milton was legally incompetent to serve as a juror. *Rodgers v. State*, 338 So.2d 1121 (Fla.Dist.Ct.App. 1976). The Supreme Court of Florida reversed the District Court of Appeals and ordered the judgment of conviction reinstated, holding that Rogers had not been denied his right to a trial by jury by virtue of the fact that Mrs. Milton was under the age of eighteen. *State v. Rodgers*, 347 So.2d 610 (Fla.1977).

Rogers filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida on February 8, 1978, claiming that he had been denied his rights under the Sixth and Fourteenth Amendments to a trial by jury because of Mrs. Milton's service. The magistrate to whom the case was referred recommended that a new trial should be ordered. Finding that there were no facts at issue and rejecting the magistrate's conclusion that Rogers' constitutional rights had been violated, the district court denied the writ without an evidentiary hearing. This appeal follows.

---

one year and in their respective counties for six months and who are fully qualified electors of their respective counties;
Fla.Stat.Ann. § 40.01(1) (1974). Chapter 73–21, Laws of Florida, granted eighteen year-olds the rights enjoyed by other adults. In *Reed v. State*, 292 So.2d 7 (Fla.), *cert. denied*, 419 U.S. 995, 95 S.Ct. 307, 42 L.Ed.2d 268 (1974), the Supreme Court of Florida noted that the effect of this statute was to make eighteen year-olds eligible for jury service in Florida. *Id.* at 9.

**3.** Milton was questioned during voir dire and said that she was twenty-one years old and had lived in Florida for twenty-one years. Voir Dire Transcript at 2, 4, 8. She also testified that she was employed and attended a local junior college.

## II.

■ As a preliminary matter, we first address the issue of whether appellant's failure to object to the presence of Mrs. Milton on his jury—when the court reconvened before the verdict, at which time appellant's counsel had knowledge of facts raising a question as to Mrs. Milton's age—requires him to satisfy the cause and prejudice test set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The Florida Supreme Court did not rely on a procedural default in its decision in this case, but reached the merits of the constitutional issue. In *Thompson v. Estelle*, 642 F.2d 996 (5th Cir. 1981), the former Fifth Circuit held that where "the state courts have not relied exclusively upon [the appellant's] procedural default, *Wainwright v. Sykes* does not prevent federal habeas review." *Id.* at 998.[4] *See Sassoon v. Stynchombe*, 654 F.2d 371, 374 (5th Cir. 1981); *Moran v. Estelle*, 607 F.2d 1140, 1141–42 (5th Cir. 1979). Because the Florida Supreme Court reached the constitutional issue, we are not foreclosed from addressing the merits by *Wainwright v. Sykes*.

## III.

■ Turning to the merits of Rogers' claims, it is important to note that the issue before us is not whether the service of this 17 year old juror is reversible error under Florida law. The Florida Supreme Court has decided that issue, holding that Rogers is not entitled to a new trial in the absence of evidence that he was not accorded a fair and impartial jury and in the absence of evidence that his substantial rights were prejudiced by the participation and miscon-

duct of the unqualified juror. 347 So.2d at 613. The only issue before us is whether the service of Mrs. Milton on Rogers' jury violated his rights under the Constitution of the United States. "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, —— U.S. ——, —— , 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982); 28 U.S.C.A. § 2254 (West 1977) (Federal habeas relief is available to state prisoners "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

Rogers makes two arguments on appeal in support of his habeas petition. He first argues that the constitutional right to a trial by jury requires that all jurors be eighteen years of age or older. Second, he argues that Mrs. Milton, by virtue of her age and the misrepresentations she made in registering to vote and in her testimony on voir dire, does not have the maturity of character and intelligence necessary to perform her function as a juror. Under each theory, Rogers claims that, in essence, he was tried by only five competent jurors, in violation of *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978).

■ The constitutional right to a trial by an impartial jury[5] requires that those who serve on juries meet certain qualifications. At a minimum, juries must be comprised of competent and impartial persons. For example, in *Peters v. Kiff*, 407 U.S. 493, 92 S.Ct. 2163, 32 L.Ed.2d 83 (1972), Justice Marshall noted that defendants have a "due process right to a competent and impartial

---

**4.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**5.** Of course, the Sixth Amendment right to an impartial jury in all criminal prosecutions is a fundamental right applicable to the states by virtue the Due Process Clause of the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The Sixth Amendment reads:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

tribunal." *Id.* at 501, 92 S.Ct. at 2168 (plurality opinion). Recently, the Court has reaffirmed this position, stating that "due process means a jury capable and willing to decide the issue solely on the evidence before it." *Smith v. Phillips,* —— U.S. at ——, 102 S.Ct. at 946. Therefore, a state criminal defendant who can demonstrate that a member of the jury which heard his case was biased or incompetent is entitled to federal habeas corpus relief.

Our analysis of Rogers' constitutional challenge is guided by *Ford v. United States,* 201 F.2d 300 (5th Cir. 1953). There, a defendant in a perjury case sought a new trial on the ground that one member of the jury that convicted him was a twice-convicted felon. On voir dire, that juror had remained silent when the trial judge asked the entire group of jurors whether any had been prosecuted for any offense other than a traffic violation, and he later testified on voir dire that he knew of no reason why he would not be able to try the case fairly. Because of his felony convictions, this juror was disqualified by statute from jury service. However, no objection was raised until Ford filed a motion for a new trial. The defendant first discovered the facts relating to this juror's criminal record after the verdict. The former Fifth Circuit noted that where the objection is not asserted until after the verdict, even though the defendant was not previously aware of the facts which would support the disqualification, a new trial must be granted only if the defendant demonstrated "actual prejudice or other fundamental incompetence" of the juror in question. 201 F.2d at 301. Finding no actual prejudice or fundamental incompetence on the facts of that case, the court affirmed *Ford*'s conviction.

Other cases have followed *Ford*'s holding that a criminal defendant who fails to raise

a challenge to a juror who is subject to a statutory disqualification until after the jury completes its function and renders a verdict must demonstrate that the juror was actually biased or otherwise fundamentally incompetent. *United States v. Crockett,* 514 F.2d 64, 69 (5th Cir. 1975); *United States v. Silverman,* 449 F.2d 1341, 1344 (2d Cir. 1971), *cert. denied,* 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972); *Gomez v. United States,* 245 F.2d 346 (5th Cir. 1957). This standard is merely an application of the constitutional requirement, noted above, that juries be composed of competent and impartial persons. While *Ford* does not purport to determine whether it is unconstitutional for a felon to serve on a jury, it follows logically that if such service is permissible in the federal system, "the due process clause of the Fourteenth Amendment cannot possibly require more of a state court system." *Smith v. Phillips,* —— U.S. ——, 102 S.Ct. at 946.

The recent Supreme Court decision, *Smith v. Phillips, supra,* is also instructive. After the selection of the jury in a criminal trial in New York State, one of the jurors applied for a job with the prosecuting attorney's office. The two attorneys actually prosecuting the case learned of the application about one week before the end of the criminal trial. However, the prosecution did not inform either the court or the defense until after the verdict. In the Supreme Court, the habeas petitioner argued that it was not necessary for him to prove actual bias, but rather that the law must impute bias to jurors under these circumstances. The Supreme Court rejected the implied bias argument and held that due process requires only that a defendant have the opportunity at a post-trial hearing to prove actual bias.[6] *Smith v. Phillips,* —— U.S. at ——, 102 S.Ct. 946.

---

**6.** The Supreme Court has recently reached the same conclusion in an analogous context. In *Chandler v. Florida,* 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981), the Court affirmed on appeal from the Florida Supreme Court the conviction of two persons whose trial had been broadcast in part by local television stations under an experimental plan instituted by the

Florida Supreme Court. The Court rejected the argument that the defendants had been denied a fair trial because of adverse psychological impact on trial participants, including jurors, that the presence of the television cameras necessarily produces. The Court held that where a defendant raises a claim of juror prejudice:

■ We distill from the cases discussed above the following general rule: where a federal habeas petitioner raises a challenge to the competence or impartiality of a juror on Sixth and Fourteenth Amendment grounds only after the verdict is returned [7] in his state court trial, he must be afforded the opportunity to demonstrate that the juror was actually biased or incompetent, that is, that the juror was not "capable and willing to decide the case solely on the facts before [him]." *Smith v. Phillips,* —— U.S. at ——, 102 S.Ct. at 946.

■ Applying the foregoing law to the facts here, and in light of Rogers' two arguments on appeal, we hold that a petitioner is entitled to habeas relief only upon a showing that the juror was actually biased or incompetent. In this case, Rogers received a hearing on his claims.[8] We conclude that Rogers failed to show that Mrs. Milton was actually biased or actually incompetent to serve on the jury. Therefore, we hold that Rogers has not been denied his constitutional rights and is not entitled to habeas corpus relief.

■ Focusing more particularly on Rogers' first argument, *i.e.,* that any 17 year old is per se incompetent, we note that Rogers has cited no case so holding, nor have we found one. We take judicial notice that almost all states, including Florida, deem that persons who are 18 years old are competent to serve as jurors. We also note that the Twenty-sixth Amendment requires that states permit persons who are 18 years old to vote. However, it is clear that such lines, by their nature, are somewhat arbitrary. Persons do not acquire, overnight on their 18th birthday, sufficient maturity and intelligence to enable them to vote and serve on juries. Many persons will have attained the necessary maturity and wisdom before reaching the magic age of eighteen. As the Supreme Court of Florida noted, "[a] person who is less than eighteen years of age is not, by reason of age alone, lacking in competence." *State v. Rodgers,* 347 So.2d at 613. We also conclude that all 17 year old persons are not fundamentally incompetent to serve on juries, and that the general rule [9] distilled above from the cases is appropriate here. Rogers was free to show that this particular 17 year old was incompetent. He made no such showing. We agree with the finding of the Supreme Court of Florida that: "[t]here is nothing sub judice to demonstrate that the juror's condition of non-age affected her ability to render a fair and impartial verdict or that she failed to do so." *Id.*[10]

We focus next on Rogers' second argument, *i.e.,* that the combination of Mrs.

---

[T]he appropriate safeguard against such prejudice is the defendant's right to demonstrate that the media's coverage of his case—be it printed or broadcast—compromised the ability of the particular jury that heard the case to adjudicate fairly.

*Id.* at 575, 101 S.Ct. at 810. Since no such showing was made in *Chandler,* the Court held that the defendants had been awarded a fair trial.

7. Since Rogers did not raise his claim of incompetence until after the verdict, we need not address here what constitutional rule applies where a claim of bias or incompetence is made prior to the verdict. We note, however, that had Rogers challenged Mrs. Milton's service at the appropriate time, he would have had a right under state law to have her stricken from the jury for cause.

8. The state trial court provided Rogers with a hearing on his motion for a new trial, during which the claim that Mrs. Milton was incompetent to serve on the jury was raised. The trial judge denied the motion. Rogers does not claim that he was not afforded an adequate opportunity to demonstrate Mrs. Milton's alleged incompetence.

9. In her concurring opinion in *Smith v. Phillips, supra,* Justice O'Conner noted that the majority opinion did not foreclose the possibility that bias could be imputed in some cases. However, the discussion in the text demonstrates that it would be inappropriate to automatically imply incompetence in the instant case. Of course we express no opinion with respect to the implication of incompetence in the case of jurors younger than 17 years of age.

10. Federal courts in habeas corpus cases "must not disturb the findings of state courts ... [without] articulat[ing] some basis for disarming such findings of the statutory presumption that they are correct and may be overcome only by convincing evidence." *Smith v. Phillips,* —— U.S. at ——, 102 S.Ct. at 946.

Milton's age and her misrepresentations demonstrates her fundamental incompetence. The gist of the argument is that Mrs. Milton's representations in registering to vote and on voir dire reflect immaturity and, therefore, constitute a showing of actual incompetence. We reject Rogers' argument. We think *Ford v. United States, supra,* is persuasive. There the juror was not only disqualified because of his previous felony convictions, but he also failed to respond on voir dire to the question whether any juror had been prosecuted for any offense other than a traffic violation. If, as in *Ford,* misrepresentations in addition to felony status are insufficient to imply incompetence, then we think it follows that Mrs. Milton's misrepresentations in addition to her non-age status are insufficient as well. We also think there is a lesser showing of incompetence here than there was a showing of bias in *Smith v. Phillips, supra,* where the juror applied during the trial for a job with the prosecuting attorney's office, a fact which became known to the two attorneys actually prosecuting the case about a week before the verdict was returned but which was not disclosed to the court and the defense until after trial. Although we in no way condone the conduct of Mrs. Milton in misrepresenting herself both in court and in her registration to vote, we do not believe that such conduct, even when viewed in conjunction with her age, renders her fundamentally incompetent. There was no showing that Milton was not capable of participating in the jury process or was otherwise incompetent to perform the functions of a juror outlined in *Ballew v. Georgia, supra.* In fact, the Florida Supreme Court specifically rejected the argument that Milton was unable to fulfill her jury duties adequately. The court stated:

> Additionally, sub judice the false testimony of the juror on voir dire, although reprehensible, does not appear to have prejudiced the substantial rights of the defendant to the extent that a new trial must be granted under Rule 3.600(b)(4), Florida Criminal Rules of Procedure. There is no evidence in the record to

support a finding that her misconduct deprived the defendant of a fair trial.

We conclude that Rogers has made no showing of actual incompetence.

In summary, the appropriate remedy in the case is not a per se rule, *i.e.,* implied incompetence, but the opportunity to demonstrate actual incompetence. Rogers has had such opportunity, but made no such showing.

### IV.

For the foregoing reasons, the judgment of the district court denying Rogers' writ of habeas corpus is

AFFIRMED.