Ms. Joanne E. Koester Supervisor of Elections Sarasota County Post Office Box 4194 Sarasota, Florida 34230-4194
Dear Ms. Koester:
You ask:
 May subsequently purged voters' names be selected for inclusion on the jury list by the clerk of the court pursuant to s. 40.02, F.S., and are such persons qualified to serve as jurors?
In sum:
 While names placed on the jury list are required to be taken from the voting list there is no statutory mandate that a person be a registered voter when sitting on the jury. Therefore, a person whose name appears on the voting list may be selected for the jury list and is qualified to serve as a juror although his or her name is subsequently purged from the voting list.
You state that juror's names are selected in December of each year. These names are used throughout the next year. However, you purge your voter rolls in odd numbered years.[1] You are concerned that a voter called for jury duty after you purge the voter rolls could be a purged voter. A purged voter is one who has been temporarily removed from the voting rolls and can be reinstated during the succeeding three years.[2]
The Florida Constitution provides:
 The right of trial by jury shall be secure to all and remain inviolate. The qualifications and the number of jurors, not fewer than six, shall be fixed by law.[3]
In accordance with this grant of authority, the Legislature has enacted Ch. 40, F.S. Section 40.01, F.S., requires that "[j]urors shall be taken from the male and female persons at least 18 years of age who are citizens of this state and who are registered electors of their respective counties."
As provided by statute, the chief judge of each judicial circuit or his designee shall request the selection of a jury list in each county within the circuit during the first week of January of each year, or as soon thereafter as is practicable.[4] The judge directs the clerk of the court to randomly select a number of names from the list of persons who are qualified to serve as jurors pursuant to s. 40.01, F.S. A list is to be generated of not fewer than 250 persons to serve as jurors. The statute provides that:
 If any person so selected shall be ascertained to be disqualified or incompetent to serve as a juror, such disqualification shall not affect the legality of such list or be cause of challenge to the array of any jury chosen from such list, but any person ascertained to be disqualified to serve as a juror shall be subject to challenge for cause, as defined by law.[5]
In 1981 The Supreme Court of Florida considered this issue. In Jacobs v. State,[6] a criminal case, one of the points on appeal from the district court was the legality of the defendant's indictment since one of the members of the grand jury which indicted him was not a qualified elector on the date the indictment was returned. The challenged grand juror was a qualified elector at the time her name was placed on the jury list but her name was purged from the voter list prior to Jacobs' indictment. The Court stated that "[t]he applicable statute, section 40.01, Florida Statutes (1973), merely requires that the names placed on the jury list `shall be taken' from the voting list. (Citation omitted) The statute does not mandate that the grand juror be on the voting list when an indictment is returned."[7]
The Court determined that the defendant's argument was without merit and that the juror was qualified to serve although her name had been purged from the voter list at the time of the trial.
Thus, while s. 40.01, F.S., requires that the names on the jury list shall be taken from the voting list, the statute does not mandate that a juror be on the voting list when called to serve or when seated as a juror. Therefore, a juror whose name was purged from the voting list after his or her name was chosen for the jury list is not disqualified to serve as a juror on these grounds alone.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, s. 98.081, F.S., relating to the removal of names from the voter registration books by the supervisor of elections. The supervisor is required to remove the name of an elector who, during the preceding two years, did not vote in any election in the county or did not request that his or her registration be updated.
[2] See, s. 98.081(2), F.S.
[3] Article I, s. 22, State Const. 
[4] Section 40.02(1), F.S.
[5] Id.
[6] 396 So.2d 1113 (Fla. 1981).
[7] Id. at 1116. Cf., State v. Rodgers, 347 So.2d 610, 613
(Fla. 1977) ("While recognizing that the Legislature has authority under Article I, Section 22, Florida Constitution, to require that jurors have qualifications of age, residence and voter registration, and may statutorily disqualify others by reason of criminal activity, occupation and infirmity, we are of the opinion that the seating of an unqualified or disqualified juror will not result in a reversal of a guilty verdict in the absence of a showing that such qualification deficiency affected the verdict or prevented a fair trial."; and Leach v. State, 132 So.2d 329, 333
(Fla. 1961).