ERVIN, Judge.
John Denmark appeals his conviction for aggravated assault of his mother with a firearm. We affirm all issues raised and address only two. In the first, Denmark asserts reversible error because a juror was allowed to serve who was the father of the deputy sheriff who investigated the incident, filed the complaint against Denmark, and testified against him at trial. Under section 913.03(9), Florida Statutes (1989),[1] Denmark’s counsel could have challenged the juror for cause, yet, after questioning the juror about his impartiality, did not do so. See, e.g., Polynice v. State, 568 So.2d 1346 (Fla. 4th DCA 1990). Denmark thus waived this issue for appeal by failing to challenge the juror for cause before the jury was sworn. State v. Rodgers, 347 So.2d 610 (Fla. 1977); Ex parte Sullivan, 155 Fla. 111, 19 So.2d 611 (1944). We therefore affirm, without prejudice to Denmark’s right to raise this issue in a post-conviction motion claiming ineffective assistance of counsel. See, e.g., Russell v. State, 521 So.2d 379 (Fla. 1st DCA 1988).
The next issue requiring comment is that claiming an irregularity in the rendition *167 of the verdict, because the name of the foreperson who signed the verdict form does not appear in the trial transcript as a member of the jury. This court relinquished jurisdiction to permit the trial court to conduct an evi-dentiary hearing regarding the question. After a thorough investigation, the court found that the same six people who were impan-elled as jurors heard the case and returned the verdict, and that substandard court reporting resulted in an erroneous transcription of the foreperson’s name.[2] We are satisfied with the trial court’s findings and therefore conclude that Denmark has failed to demonstrate reversible error. In so deciding, we observe that courts have repeatedly adhered to the requirement of Florida Rule of Criminal Procedure 8.570,[3] providing that an objection to any irregularity in a verdict must be raised while the jury is still in court. See, e.g., Whilden v. State, 301 So.2d 35 (Fla. 1st DCA 1974); Pineiro v. State, 615 So.2d 801 (Fla. 3d DCA 1993); Wolfram v. State, 568 So.2d 992 (Fla. 5th DCA 1990). Denmark thus waived any challenge to the verdict.
AFFIRMED.
ZEHMER, C.J., and VAN NORTWICK, J., concur.

. That statute enumerates twelve grounds for challenging a juror for cause, including:
(9) The juror is related by blood or marriage within the third degree to the defendant, the attorneys of either party, the person alleged to be injured by the offense charged, or the person on whose complaint the prosecution was instituted [.]
(Emphasis added.)

. Indeed, every juror's name was erroneously transcribed.

. That rule provides:
No irregularity in the rendition or reception of a verdict may be raised unless it is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by the irregularity.