682 So.2d 610 (1996)
William Henry LOWREY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2267.
District Court of Appeal of Florida, First District.
October 30, 1996.
*611 Nancy A. Daniels, Public Defender, and Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Vincent Altieri, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges his conviction and sentence. He asserts that the trial court erred in failing to vacate his conviction where a juror who was under prosecution for battery served on his jury. He also argues that the trial court erred in scoring his prior criminal history. We affirm the conviction but vacate the sentence and remand the case for resentencing.
Following trial, but before sentencing, the defense learned for the first time that one of the jurors was under prosecution for battery at the time of his jury service and had failed to disclose that fact during jury selection, despite direct questioning on the subject. The appellant filed a motion for a new trial. He argued at the hearing thereon that the juror's failure to disclose the pending charges deprived the appellant of his right to intelligently select a jury and gave rise to a strong inference that the appellant did not receive a fair trial. The prosecutor did not dispute that the juror had been under prosecution at the time of the trial, but argued that the juror's status did not affect his verdict. The court denied the motion, finding no reasonable basis to believe that the juror had any intent to receive more favorable treatment in the prosecution of his own case, and that there were no grounds to believe that the pending charge affected the juror's verdict, his discussions or his service as a juror.
Section 40.013, Florida Statutes, provides that "[n]o person who is under prosecution for any crime ... shall be qualified to serve as a juror." Had the status of the juror in question been known prior to trial, he would not have served on the appellant's jury. However, in light of State v. Rodgers, 347 So.2d 610 (Fla.1977), we conclude that the unqualified juror's presence on the appellant's jury does not entitle the appellant to a new trial. In Rodgers the supreme court held that the defendant was not entitled to a new trial because a seventeen year old juror had served on his jury even though Florida law requires jurors to be eighteen years of age. The court wrote:
While recognizing that the Legislature has authority under Article I, Section 22, Florida Constitution, to require that jurors have qualifications of age, residence and voter registration, and may statutorily disqualify others by reason of criminal activity, occupation and infirmity, we are of the opinion that the seating of an unqualified or disqualified juror will not result in a reversal of a guilty verdict in the absence of a showing that such qualification deficiency affected the verdict or prevented a fair trial.
(Emphasis added.) Id. at 614. In light of the emphasized language, we are obligated to affirm the conviction in this case.
Nonetheless, we perceive a difference between seating a juror who is unqualified due to being a few months short of majority and seating a juror who is disqualified due to a pending criminal prosecution. Unlike jurors with deficiencies in qualifications such as age, residence, voter registration, or even past criminal activity, a juror with a pending criminal prosecution casts doubt upon the fairness of the defendant's trial. Indeed, "the purpose of disqualifying a person who has a pending prosecution is to avoid the possibility that that person might vote to convict in the hope of getting more favorable treatment from the prosecution in his own case." *612 Thompson v. State, 300 So.2d 301 (Fla. 2d DCA 1974).
Although the seating of a juror under prosecution is not a widely recurring problem, at least one other jurisdiction has taken a strong stand under similar circumstances. Texas statutory law disqualifies a prospective juror who is under indictment or other legal accusation for theft or any felony. Thomas v. State, 796 S.W.2d 196 (Tex.Ct.Crim.App. 1990) (en banc). Thomas's jury included a person who had been charged with two theft offenses. The court rejected the state's argument that the defendant had to demonstrate harm, and reversed for a new trial. The court observed that "where the juror was merely subject to a challenge for cause, the Court has mandated that the defendant show harm to his case, whereas when the juror is absolutely disqualified no showing of harm is necessary." Id. at 199.
We note that the difficulties of proving actual harm as discussed by Justice Hatchett in his dissenting opinion in Rodgers apply with even greater vigor here:
Should the moving party be allowed to call all of the jurors before the court for examination? Do we inquire into their discussions or examine their thought processes in arriving at a verdict? Or, should the juror without the statutory qualifications be questioned as to the part she played in reaching the verdict? Do we try to determine what influence she had on the other jurors? Finally, must the showing of prejudice be by a preponderance of the evidence, by clear and convincing evidence, or beyond a reasonable doubt?
Rodgers, 347 So.2d at 614 (Hatchett, J., dissenting). The impracticalities of the appellant having to prove actual harm are obvious. Even if questioned, it is doubtful that a juror who hoped to curry favor with the prosecution by his verdict of guilty would actually admit to that fact before the judge.
We must not sanction even the appearance of impropriety in the administration of justice. In the present case, the juror was able to obtain a favorable resolution of the charges pending against him within a few days of his jury service. And the juror even approached the prosecutor at the courthouse on the day he resolved his case and initiated a conversation about the appellant's case and his own pending battery charge. Even if these events were completely coincidental and innocent, they nevertheless created an appearance of impropriety.
Because we believe that the seating of a juror under prosecution is inherently prejudicial to the fairness of a criminal proceeding, we certify to the supreme court the following question of great public importance:
MUST A CONVICTED DEFENDANT SEEKING A NEW TRIAL DEMONSTRATE ACTUAL HARM FROM THE SEATING OF A JUROR WHO WAS UNDER CRIMINAL PROSECUTION WHEN HE SERVED BUT, THOUGH ASKED, FAILED TO REVEAL THIS PROSECUTION?
As to the sentencing issue, we agree with the appellant's assertion that the trial court erred in scoring his prior criminal history. This issue concerns the interpretation of Florida Rule of Criminal Procedure 3.701(d)(5)(F), which provides:
An offender's prior record shall not be scored if the offender has maintained a conviction-free record for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of the primary offense.
To bring the appellant within this ten-year period, the state relied upon a conviction the appellant received in 1975, for which he received a ten-year suspended sentence conditioned upon his "good behavior," but for which no probation or community control was ordered. The state argued that the appellant was under "sanction" for the full ten years, until 1985. The trial court ruled:
[A]s far as I'm concerned, the suspended sentence lasted for the entire ten years, because he would have been subject to being brought back in and sentenced on that suspended sentence any time in that ten-year range.
The trial court erred in this ruling. Because the appellant was not on probation or community control, the condition of "good *613 behavior" had no legal effect. A suspended sentence is a legal sentence, and absent a clerical error, a court is without jurisdiction to impose a harsher sentence. See Watson v. State, 633 So.2d 1171 (Fla. 3d DCA), rev. denied, 641 So.2d 1347 (Fla.1994). Accordingly, the appellant was released from the "sanction" imposed by the 1975 conviction when the judge entered the suspended sentence. As such, more than ten years had passed as of the date of the current offense, and the trial court was in error in scoring the appellant's prior record.
The appellant's conviction is affirmed, but his sentence is vacated and the case is remanded.
WEBSTER, J., concurs.
LAWRENCE, J., concurs in result only.