[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-13804
Non-Argument Calendar

————————————————

D.C. Docket No. 1:20-cv-23440-BB

WILLIE FRANK WALKER,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL, STATE OF FLORIDA,
HERBERT ERVING WALKER, III,
in his personal and official capacity,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(May 19, 2021)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Willie Walker, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil complaint for lack of subject-matter jurisdiction and failure to state a claim. The gist of his complaint was that, in his past state criminal case, the state prosecutor failed to show that the state court had jurisdiction over him. On appeal, Walker doesn't challenge the district court's finding that it lacked jurisdiction to consider his complaint. Instead, he reiterates that Appellee Herbert Walker, the prosecutor in his state-court case, violated his constitutional rights by failing to answer his post-conviction jurisdictional challenges in that case. He states that this failure deprived the state court of subject-matter jurisdiction and references the *Accardi* doctrine[1] as a source of relief. He doesn't address Appellee Ashley Moody's involvement in the matter.

We review *de novo* a district court's dismissal of a complaint for lack of subject-matter jurisdiction. *Center v. Sec'y, Dep't of Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018). The party asserting the claim bears the burden of establishing federal subject matter jurisdiction. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016). We also review *de novo* a district court's dismissal for failure to state a claim upon which relief can be granted. *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005).

---

[1] The *Accardi* doctrine—derived from *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)—"stands for the unremarkable proposition that an agency must abide by its own regulations," *Chevron Oil Co. v. Andrus*, 588 F.2d 1383, 1386 (5th Cir. 1979).

2

Courts should liberally construe *pro se* pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). But courts can't rewrite otherwise deficient pleadings in order to sustain actions. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). And *pro se* litigants still must conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Federal courts may adjudicate cases only when both the Constitution and a federal statute grant jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Courts have an independent obligation to inquire into subject-matter jurisdiction. *Id.* at 410. If a court lacks subject-matter jurisdiction over a claim, it must dismiss it. Fed. R. Civ. P. 12(h)(3).

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Generally, a complaint is not required to contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The complaint must contain enough facts to make a claim for relief plausible on its face—that is, the factual content must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, although *pro se* pleadings are liberally construed, they still

3

must suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

The district court properly dismissed Walker's case because both his complaint and his amended complaint failed to allege any basis for subject-matter jurisdiction or relief. First, as to jurisdiction, Walker failed to allege diversity of citizenship and, although he purported to travel under federal-question jurisdiction, he failed to allege sufficient facts for the district court to assess whether it possessed such jurisdiction. On appeal, he doesn't direct our attention to any federal cause of action authorizing his action against his state prosecutor for failing to demonstrate that the state court had jurisdiction. We lack a general supervisory power over state courts. *Rogers v. McMullen*, 673 F.2d 1185, 1188 (11th Cir. 1982).[2]

Second, even assuming jurisdiction existed, Walker failed to allege any clear ground for relief. His threadbare assertion that Herbert Walker failed to answer his jurisdictional challenges didn't provide factual context from which the district

---

[2] Although Walker doesn't claim to seek a writ of habeas corpus, the district court correctly noted that he failed to allege that he exhausted state remedies, as he would be required to do if he sought the writ. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

court could infer that Herbert Walker or Ashley Moody was liable for any misconduct.[3]

Accordingly, we **AFFIRM**.

---

[3] Walker's reference to the *Accardi* doctrine doesn't change this result.  Walker didn't allege a violation of any specific rule or regulation or allege any action by a federal agency, so *Accardi* provides no basis for relief.  *See Chevron*, 588 F.2d at 1386.