Kenneth Robert SCARBOROUGH, Petitioner-Appellee,

v.

STATE OF ARIZONA, Respondent-Appellant.

No. 74–3412.

United States Court of Appeals, Ninth Circuit.

March 15, 1976.

George B. Mount, Deputy County Atty. (argued), Phoenix, Ariz., for respondent-appellant.

Philip M. Haggerty (argued), Phoenix, Ariz., for petitioner-appellee.

OPINION

Before BARNES and TRASK, Circuit Judges, and LUCAS,* District Judge.

BARNES, Senior Circuit Judge:

Petitioner Kenneth Robert Scarborough was charged in the Superior Court of Maricopa County, Arizona, with the offenses of robbery and assault with a deadly weapon. He was convicted by a jury of both crimes and was sentenced to not less than eighteen or more than twenty-five years in the Arizona State Prison on the robbery charge and not less than five or more than ten years on the assault with a deadly weapon charge, both counts to run concurrently. On appeal, the Arizona Supreme Court affirmed the petitioner's conviction for robbery and reversed the conviction for assault with a deadly weapon. Two members of the five-judge Arizona court dissented, contending that Scarborough's conviction for robbery should also be reversed. See State v. Scarborough, 110 Ariz. 1, 514 P.2d 997 (1973). Thereupon, petitioner petitioned the United States Supreme Court for a Writ of Certiorari, which was subsequently denied without opinion. See Scarborough v. Arizona, 415 U.S. 1000, 94 S.Ct. 1598, 39 L.Ed.2d 892 (1974).

In June, 1974, petitioner then filed a petition for Writ of Habeas Corpus in the Federal District Court. On August 15, 1974, the District Judge granted the relief requested by petitioner unless the State of Arizona afforded him a new trial within sixty days. Said Order by the District Judge was stayed pending a final determination of this matter on appeal. Thereupon, the State appealed the District Judge's Order to this Court.

We now affirm the District Court.

At the time of his arrest, petitioner Scarborough was given the *Miranda* warnings and refused to make a statement or answer questions regarding his involvement in the offense. In his opening argument at the close of trial, the prosecutor stated:

"Officer Flasen then advised the defendant that he was under arrest. . . . [T]he defendant said nothing. . . . Now, if he were arrested for armed robbery, he would have said something—if he were not guilty. . . . But you heard Officer Galbraith later on, who was our next witness, say that he was present when Ernie Flasen advised him of his

* The Honorable Malcolm M. Lucas, District Judge of the Central District of California, sitting by designation.

rights—the Miranda rights—and the defendant chose not to answer, or chose not to say anything."

(CT 19); (RT 278–79).

Scarborough's counsel, immediately following the prosecutor's argument, moved for a mistrial. The trial Judge suggested that a cautionary instruction might cure the error, but the prosecutor successfully objected on a unique ground—"That of course takes away from my final argument," (CT 19); (RT 290). The Court refused to give such a remedial instruction.

We find that the prosecutor's statement constituted fundamental error. To hold that the State in this circumstance may utilize the defendant's silence against him would violate the spirit of the Fifth Amendment. The case before us is distinguishable from the recent Supreme Court decision in *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), where the Supreme Court acted where there was a conflict in the Circuits. In *Hale*, the defendant, advised of his *Miranda* rights at the time of arrest, remained silent. At trial, he testified asserting his innocence. On cross-examination, the prosecutor inquired why he had not given the officers his alibi when they had questioned him shortly after his arrest. The trial judge instructed the jury to ignore the colloquy but declined to declare a mistrial. The Supreme Court reversed, holding that the trial court committed prejudicial error by permitting cross-examination of the defendant regarding his silence during police interrogation. Exercising its supervisory authority over the lower federal courts, the Court held that Hale was entitled to a new trial. 422 U.S. at 181, 95 S.Ct. at 2139, 45 L.Ed.2d at 107.

Unlike *Hale*, the prosecutor here did not use the defendant's silence at the time of his arrest as a means to impeach him on cross-examination. Rather, the prosecutor in this case commented to the jury in his opening argument that the defendant's guilt could be inferred by the fact that he remained silent at the time of arrest. Thus, this case is similar to that of *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), where the prosecutor commented to the jury concerning the defendant's failure to testify. In holding that this misconduct constituted constitutional error (as opposed to error based on supervisorial authority), the Supreme Court stated:

"For comment on the refusal to testify is a remnant of the 'inquisitorial system of criminal justice,' . . . which the Fifth Amendment outlaws. . . . It is said . . . that the inference of guilt for failure to testify as to facts peculiarly within the accused's knowledge is in any event natural and irresistible, and that comment on the failure does not magnify that inference into a penalty for asserting a constitutional privilege. . . What the jury may infer, given no help from the court, is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another. . . . We . . . hold that the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."

380 U.S. at 614–15, 85 S.Ct. at 1232, 14 L.Ed.2d at 109. *See State v. Shing*, 109 Ariz. 361, 509 P.2d 698, 702 (1973), where the Arizona Supreme Court, in discussing the very issue which is presently before this Court, acknowledged: "To hold that a defendant may, after being warned of his right to remain silent, have that silence used against him would nullify the warning required by Miranda . . . and the warning would have to be amended to inform the defendant that not only what he says may be used against him, but what he doesn't say will also be used against him." We therefore hold that the prosecutor's argument to the jury, commenting on Scarborough's silence at the time of arrest, constituted constitutional error.

The State submits that if the prosecutor's misconduct violated Scarborough's constitutional rights, such error was harmless be-

yond a reasonable doubt, and that it did not contribute to the verdict. *See Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We disagree. Once Scarborough established the infringement of a constitutional right, "the burden shifted to the [State] to establish that the error was harmless under the *Chapman* standard." *Naughten v. Cupp*, 476 F.2d 845, 847 (9th Cir. 1972), *rev'd on other grounds*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). The State failed to meet this burden. In *Anderson v. Nelson*, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968), the Supreme Court held that the prosecutor's comment on the defendant's failure to testify at trial could not be labeled harmless error where "such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis of conviction, and where there is evidence that that could have supported acquittal." *Id.* at 524, 88 S.Ct. at 1134, 20 L.Ed.2d at 83. Here, upon examination of the record, we hold that the prosecutor's comment to the jury was extensive, that the prosecutor stressed that the defendant's guilt could be inferred by the fact that he remained silent at the time of arrest, that the prosecutor rejected the court's offer to cure any error, and that there was evidence (although somewhat weak) upon which the jury could have acquitted Scarborough.

Accordingly, the judgment of the District Court is

AFFIRMED.