John O. CLEVELAND, Petitioner,

v.

Reginald W. PULLEY, Warden, San Quentin Prison, Respondent.

No. C–82–4473 SAW.

United States District Court, N.D. California.

Nov. 22, 1982.

Wendy Alfsen-Cleveland, Cleveland Law Offices, Oakland, Cal., for plaintiff.

George Deukmejian, Atty. Gen., State of Cal., Kristofer Jorstad, Deputy Atty. Gen., San Francisco, Cal., for defendant.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

WEIGEL, District Judge.

Petitioner, an inmate at the San Quentin State Prison, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 3, 1976, petitioner went to a crowded San Francisco nightclub. He soon found himself in an argument with the bartender, Kenneth Benjamin. Petitioner left the bar and came back with a gun. The gun subsequently discharged twice. Petitioner admits that he shot Benjamin in the neck and himself in the thigh. He claims, however, that the shootings were accidental.

At petitioner's state court trial, the sole issue was his intent. During the proceedings, petitioner took the witness stand in his own defense. Over defense counsel's objections, the prosecutor was permitted to cross-examine petitioner as to his post-arrest silence before the police. After all the evidence had been entered, just prior to closing arguments, defense counsel asked the trial judge to render two instructions. First, counsel requested an instruction that "the jury should not consider whether or not Mr. Cleveland gave a statement to the police or prosecution, as any evidence whatsoever tending to show guilt." Second, counsel asked that the court instruct the prosecutor that "he is not to comment in his argument on Mr. Cleveland's failure to make a statement to the police or prosecution." The court refused to give both instructions. During closing argument, the prosecutor twice directly referred to petitioner's post-arrest silence as proof of his

guilt. The trial judge did not stop the prosecutor. Subsequently, the trial judge denied defense motions for a mistrial and for a new trial founded, *inter alia,* on the cross-examination and closing remarks on petitioner's silence.

On January 9, 1980, the jury convicted petitioner of assault with a deadly weapon and of personal use of a firearm in contravention of California law. The instant petition was filed on August 23, 1982. Petitioner contends that the prosecutor's cross-examination, his comments on petitioner's silence, omissions in the trial judge's jury instructions, denial of mistrial and of new trial motions constitute prejudicial errors calling for petitioner's release from custody.

Impeaching a defendant's testimony on cross-examination by using his post-arrest silence is constitutional error. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Alo v. Olim,* 639 F.2d 466 (9th Cir.1980). This prohibition extends to remarks in a prosecution closing argument. *See, e.g., Williams v. Zahradnick,* 632 F.2d 353 (4th Cir.1980). Thus, obvious constitutional errors occurred during both the cross-examination of petitioner and the prosecution's closing argument.

The trial judge's persistent refusal to instruct the jury not to consider petitioner's post-arrest silence as evidence of guilt is another constitutional error. *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981).[1] The holding in *Carter* should be given retroactive application to petitioner's pre-1981 trial. *Williams v. United States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971). *See also Brown v. Louisiana,* 447 U.S. 323, 328, 100 S.Ct. 2214, 2219, 65 L.Ed.2d 159 (1980); *Hankerson v. North Carolina,* 432 U.S. 233,

243, 97 S.Ct. 2339, 2345, 53 L.Ed.2d 306 (1977).

On this petition for habeas corpus, it is the Court's task to assess whether those patent constitutional errors were prejudicial or harmless. The infusion of harmlessness into error is the exception rather than the rule. *Williams v. Zahradnick,* 632 F.2d at 353; *Chapman v. United States,* 547 F.2d 1240 (5th Cir.), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977). The burden is on the prosecution to prove beyond a reasonable doubt that the error was harmless. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Bradford v. Stone,* 594 F.2d 1294 (9th Cir.1979). It is settled in this Circuit that an error is prejudicial if "there is a *reasonable possibility* that the error materially affected the verdict." *United States v. Valle-Valdez,* 554 F.2d 911, 915 (9th Cir. 1977) (emphasis the court's). The question is not whether the jury could have found petitioner guilty on the evidence presented to it. The central issue is whether the prosecution has sufficiently demonstrated that, because of the strength of its case, the errors did not, beyond a reasonable doubt, materially affect the jury's decision. *Hinman v. McCarthy,* 676 F.2d 343, 349–51 (9th Cir.1982).[2] Remarks about post-arrest silence are not harmless, if they are extensive, as they were here, if an inference of guilt is stressed from the silence, as it was here, and if there is some evidence that could have supported acquittal, as there was here. *See Scarborough v. State of Arizona,* 531 F.2d 959, 961–62 (9th Cir.1976).

The State has failed to show that the errors of which petitioner complains, cumulatively or individually, were harmless beyond a reasonable doubt. The State re-

---

1. In *Carter,* the Supreme Court held that it was reversible error for a Kentucky trial court to fail to give the following requested jury instruction as to the defendant's refusal to testify on his own behalf: "The defendant is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way." 101 S.Ct. at 1116. There is no reason why *Carter* should not control a failure to instruct the jury

about another aspect of Fifth Amendment rights, the right to remain silent after an arrest.

2. The *Hinman* decision should have retroactive application to this case for the same reason that *Carter* is retroactive. *See Brown v. Louisiana,* 447 U.S. 323, 328, 100 S.Ct. 2214, 2219, 65 L.Ed.2d 159 (1980); *Williams v. United States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971).

lies on virtually nothing but the March 23, 1981, California District Court of Appeal affirmance of petitioner's conviction. What that affirmance did not address, and the State here has not proven beyond a reasonable doubt, is that the errors could not have significantly affected the jury's decision. The errors struck directly at petitioner's sole defense—that the shooting was not intended. "When refutation of an exculpatory defense is the purpose, attack is on the jugular of defendant's case, his innocence, and it is rarely declared harmless." *Williams v. Zahradnick,* 632 F.2d at 361 n. 10 (and numerous cases cited therein).

"[H]abeas corpus is to be administered with flexibility and initiative..., unencumbered by any technical considerations..., with a liberal judicial attitude." *Hamilton v. Craven,* 350 F.Supp. 1251, 1254 (N.D.Cal. 1971), *aff'd,* 469 F.2d 1394 (9th Cir.1972). The Court has concluded that the errors here were prejudicial. The petition for habeas corpus should be granted.

The State's contention that petitioner cannot present his claims because he did not raise one of them in the state courts is untenable. A review of the record discloses that petitioner raised each and every claim set forth in the instant petition before the California courts. Petitioner has not run afoul of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is granted.

IT IS FURTHER HEREBY ORDERED that the duty to comply with this order is stayed for sixty (60) days to allow the Attorney General of the State of California, or any other proper officer of the State or of any of its political subdivisions, time in which to seek, if so minded, the re-trial of petitioner or to undertake such other legal action as may be desired.