**Richard BRADFORD, Petitioner-Appellant,**

v.

**Walter T. STONE, Respondent-Appellee.**

No. 77–1219.

United States Court of Appeals, Ninth Circuit.

April 10, 1979.

---

Stuart A. Wein, San Francisco, Cal., for petitioner-appellant.

Evelle J. Younger, Atty. Gen., Jean M. Bordon, San Francisco, Cal., for respondent-appellee.

Before BROWNING and WRIGHT, Circuit Judges, and KUNZIG,* Judge, Court of Claims.

PER CURIAM:

Two men attempted to rob the Spartan Market in San Jose, California, killing an employee. Petitioner was indicted and convicted of attempted robbery and first degree murder. The California District Court of Appeals upheld petitioner's conviction. The California Supreme Court denied review.

Petitioner sought habeas corpus, charging various acts of prosecutorial misconduct deprived him of a fair trial. The district court denied the petition. We affirm.

Petitioner's principal claim is that during trial the prosecutor commented on petitioner's post-arrest silence in violation of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The district court held that constitutional error had occurred, but on the whole record found the error harmless beyond a reasonable doubt under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We agree.

During cross-examination, the prosecutor asked petitioner if he had said anything about his alibi to the police when he was arrested. Petitioner responded that he had not—because he had not been asked, but mainly because his lawyer had told him not to speak unless the lawyer was present. This exchange violated *Doyle* by eliciting the fact of petitioner's post-arrest silence, whether or not petitioner had been given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See Douglas v. Cupp,* 578 F.2d

---

* Honorable Robert L. Kunzig, Judge, United States Court of Claims, Washington, D. C., sitting by designation.

266, 267 (9th Cir. 1978).[1] However, petitioner's lawyer neither objected to the question nor asked that the answer be stricken.

■ In his closing argument, defense counsel elected to suggest at length various non-inculpatory explanations for petitioner's failure to disclose his alibi. The prosecutor responded in his rebuttal summation that an adverse inference should be drawn from petitioner's failure to produce the witnesses who could prove his alibi, but also argued that petitioner's failure to "tell it all" at the time of arrest undermined petitioner's credibility. Although petitioner's counsel did not object, the latter comments were clearly improper under *Doyle*.[2]

The prosecutor's comments were nonetheless permissible. By electing to dwell on the justifications for petitioner's silence after arrest, defense counsel opened the door for the prosecutor to suggest contrary inferences. *United States v. Helina*, 549 F.2d 713, 717–18 (9th Cir. 1977). *See also United States v. Arenholz*, 569 F.2d 420, 422 (5th Cir. 1978). Because the prosecutor's rebuttal remarks were permissible under the circumstances, the *Doyle* error in cross-examination added nothing not properly before the jury when trial ended. *See United*

*States v. Lopez*, 575 F.2d 681, 685–86 (9th Cir. 1978).[3] To hold differently would entail the anomalous result of permitting petitioner to allow the fact of post-arrest silence to enter the record, elect to argue the proper inference to be drawn from the silence, and yet claim that the prosecutor could not make responding comments.

Moreover, the remainder of the evidence precludes doubt about the verdict. Petitioner's alibi was inconclusive and uncorroborated. His own testimony placed him within a few blocks of the Spartan Market at the time of the murder. It left key periods of time unaccounted for. Although petitioner claimed to have been with several friends at the time of the crime, he called no alibi witnesses. Particularly in light of the extensive alibi corroboration produced at trial by petitioner's codefendant, the jury could have placed little credence in petitioner's unsubstantiated account of the evening of the murder, regardless of his failure to tell police then about the alibi. On the other hand, an eyewitness to the shooting confidently identified petitioner as the killer. Clothes matching the precise description of those worn by the killer were found in petitioner's apartment. A witness testi-

---

1. We need not consider the state's contention that *Doyle* should not apply retroactively, since the equivalent of the *Doyle* rule prevailed in both the federal and state courts in California when this case was tried. *See Cockrell v. Oberhauser*, 413 F.2d 256 (9th Cir. 1969); *Fowle v. United States*, 410 F.2d 48 (9th Cir. 1969).

2. Petitioner does not explain why his counsel did not object to the prosecutor's cross-examination and closing argument regarding petitioner's pretrial silence. The absence of any demonstrated "cause" for this failure to comply with the California contemporaneous objection rule might bar review of petitioner's federal constitutional claim in this proceeding (*Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)), were it not for the fact that the state courts did not rely solely upon the procedural default in ruling on petitioner's direct appeal. On appeal, the California District Court of Appeals denied relief on alternate grounds: that petitioner failed to object or request a curative instruction; and that the error, "if any," was not prejudicial in view of the evidence against petitioner. (The California Supreme Court stated no reasons for denying review.) Although the intermediate state court

did not pass unequivocally on the merits of the federal claim, we have chosen to assume the state's failure to rest exclusively upon the procedural default permits us to reach the federal question. *Compare Lussier v. Gunter*, 552 F.2d 385, 388 (1st Cir. 1977).

3. Petitioner also claims two additional *Doyle* violations. In rebuttal, the government called the arresting officer and asked whether petitioner has made any statement to police following his arrest. Before the witness could answer, defense counsel objected and the objection was sustained. The incident appears to us to have been insignificant.

In his initial summation, the prosecutor referred to petitioner's failure to "tell somebody" before trial about the witnesses who could have corroborated his alibi. Read in context, the prosecutor's statement directed attention to petitioner's failure to subpoena logical alibi witnesses, not to petitioner's silence when arrested, and was permissible under *Walsh v. United States*, 371 F.2d 135, 136 (9th Cir. 1967), which is unaffected by *Doyle*.

fied that petitioner admitted complicity in the crime.

For these reasons, we conclude beyond a reasonable doubt that the *Doyle* error "did not contribute to the verdict obtained." *Chapman v. California, supra*, 386 U.S. at 24, 87 S.Ct. at 828.

Petitioner's remaining points do not warrant extended discussion. The statements of the prosecutor that petitioner interprets as expressions of a personal opinion as to petitioner's guilt are more reasonably read as permissible comments on the state of the evidence. *United States v. Smith*, 441 F.2d 539, 540 (9th Cir. 1971); *Orebo v. United States*, 293 F.2d 747, 749 (9th Cir. 1961). Similarly, petitioner's complaint that the prosecutor injected racism into the trial reads far too much into a single exchange.

Affirmed.