William THOMPSON, Jr., Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Etc., Respondent-Appellee.

No. 80–1329.

United States Court of Appeals, Fifth Circuit.

Unit A

April 17, 1981.

---

Randy Taylor, Dallas, Tex., for petitioner-appellant.

Mark White, Atty. Gen., John W. Fainter, First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., W. Barton Boling, Joe Foy, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, CHARLES CLARK, and WILLIAMS, Circuit Judges.

CHARLES CLARK, Circuit Judge:

William Sonny Thompson, Jr., appeals from the district court's denial of his petition for habeas corpus relief. Thompson was convicted of murder with malice and is presently serving a life sentence in the Texas Department of Corrections. He urges that evidence of four prior uncounselled convictions was improperly admitted at the punishment stage of his state court trial and that its admission adversely influenced the jury's assessment of his punishment. We affirm the denial of habeas corpus, holding that the admission of two of the prior convictions was not improper and that admission of the remaining two convictions was harmless error.

Thompson was tried before a jury in Criminal District Court, No. 5, Dallas County, Texas, and convicted of the offense of murder with malice on November 27, 1974. At the punishment phase of the trial, two police officers, neither of whom had worked on Thompson's case, gave unrebutted testimony of Thompson's bad reputation for peaceableness in the community. The state also introduced evidence of six prior convictions, four of which are involved in this appeal. The four challenged convictions include two state misdemeanors for unlawful drug possession for which Thompson received a 30-day sentence on one and a $150 fine on the other. They also include a state and a federal felony conviction for unrelated burglaries. Thompson had pleaded guilty to all four convictions.

With this evidence before it, the jury assessed a life sentence. The Texas Court of Criminal Appeals affirmed the conviction and the sentence. *Thompson v. State*, 537 S.W.2d 732 (Tex.Cr.App.1976). After Thompson unsuccessfully sought a state writ of habeas corpus, he filed the present habeas corpus petition in the United States District Court for the Northern District of Texas (Dallas Division). In an Order adopting and supplementing the Findings, Conclusions, and Recommendations of the United States Magistrate, the district court denied Thompson relief. This appeal followed.

Thompson argues that the state trial court should not have admitted evidence of his 1956 state felony conviction for burglary. Thompson pleaded guilty to the burglary charge and received a three-year sentence. The district court found that Thompson had been represented by an attorney and that he had entered his guilty plea to the burglary charge upon the advice and consent of his lawyer. To reach this conclusion, the district court relied upon the appearance of the name "Joe McNicholas" on state trial court documents and refused to credit Thompson's own denial that he had been represented by counsel when he pleaded guilty. Because the district court found that the prior burglary conviction was not uncounselled, it held that no error was made when the state court admitted evidence of that conviction at the punishment stage of Thompson's trial.

█ The district court's finding that Thompson was represented by a lawyer is not clearly erroneous. Both the state court trial docket and the waiver of trial by jury form filed in that cause show "Joe McNicholas" as Thompson's attorney on the burglary charge. In addition, the certified copy of the judgment and sentence recites that Thompson's counsel was present with him when the conviction was entered. The district court could properly rely upon the regularity of the state court's documents in preference to Thompson's own self-serving testimony that he did not have a lawyer. Therefore, Thompson's contention that his prior state burglary conviction was improperly admitted is without merit.

█ The district court also correctly decided that the state trial court committed no constitutional error when it admitted evidence of Thompson's 1963 misdemeanor conviction for unlawful possession of dangerous drugs. For this conviction Thompson received only a $150 fine. The Supreme Court has firmly established that the Sixth and Fourteenth Amendments do not require the state to provide counsel to indigent criminal defendants in those misdemeanor cases in which the offender is not incarcerated. *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162–63, 59 L.Ed.2d 383, 388 (1979). Furthermore, this court in *Wilson v. Estelle*, 625 F.2d 1158 (5th Cir. 1980), has specifically held that evidence of a prior uncounselled misdemeanor conviction for which no imprisonment was imposed may properly be introduced in the punishment phase of a trial. Accordingly, the state trial court committed no constitutional error when it admitted evidence of Thompson's 1963 misdemeanor conviction.

The asserted error in introducing evidence concerning Thompson's 1959 federal felony conviction for burglary of a United States Post Office presents a more serious issue. The district court accepted Thompson's claim that the federal conviction was invalidly obtained because he did not have the benefit of counsel. Nevertheless, it held that *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), bars federal habeas review of his claim, finding that Thompson had failed to comply with the Texas contemporaneous objection rule. The district court also found that Thompson had not made the showing of cause for his procedural default and prejudice resulting from the constitutional violation necessary to overcome the *Wainwright v. Sykes* bar.

█ The district court's disposition cannot be sustained on that basis. *Wainwright v. Sykes* does not preclude federal habeas review of a petitioner's constitutional claim if the state court adjudicates the claim on the merits. *Moran v. Estelle*, 607 F.2d 1140, 1141–42 (5th Cir. 1979); *Madeley v. Estelle*, 606 F.2d 560, 561 n.1 (5th Cir. 1979). Although Thompson failed to make a contemporaneous objection to the admission of his prior federal conviction, the Texas Court of Criminal Appeals reached the merits of his claim. *See Thompson v. State*, 537 S.W.2d at 736. The state trial court then considered the merits of Thompson's claim a second time when he applied for state habeas corpus relief. Because the state courts have not relied exclusively upon Thompson's procedural default, *Wainwright v. Sykes* does not prevent federal habeas review.

However, the district court's reliance upon *Wainwright v. Sykes* was only an alternative ground for its decision. The district court also held that admission of Thompson's federal conviction at the sentencing phase of his trial was harmless error beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). After carefully reviewing the entire record, we are convinced that this determination is correct. The admission of prior uncounselled convictions at the punishment stage of a trial can be harmless error in appropriate circumstances. *Wilson v. Estelle*, 625 F.2d 1158 (5th Cir. 1980), held that the admission of a prior uncounselled misdemeanor conviction at the punishment stage of the defendant's trial was harmless error in light of evidence that the defendant's victim was stabbed 18 times, that a witness heard his cries for help, and that the defendant admitted the crime and that his victim was not armed. 625 F.2d at 1159–60.

On the basis of the evidence before the jury in Thompson's case, we likewise conclude that the admission of his federal burglary conviction was harmless error. The facts developed at trial showed that Thompson committed a brutal murder. He first assaulted his victim in the restroom of a local bar. When the beaten man emerged from the restroom, Thompson told him that they should put their differences aside and "go get high." Thompson's victim followed him to a storeroom in back of the bar, where Thompson again struck him, knocking the man to the floor. With the assistance of a friend who later testified at trial, Thompson put his victim into a car and drove to a secluded park. After they arrived, the victim got out of the car, and Thompson once again knocked him to the ground. He then placed a .410 gauge shotgun above his victim's chest. Thompson's friend now realized that Thompson intended to kill the man and attempted to dissuade him. He reminded Thompson that they had been observed leaving the bar together with the victim. However, his pleas were of no avail. Thompson said, "Oh, fuck him," and discharged the shotgun into his victim's chest at point blank range.

On this evidence and with no prior convictions in evidence, the jury found Thompson guilty as charged.

Thompson did not testify in the guilt-or-innocence phase of his trial. In the punishment phase, he took the stand and denied his guilt. He contends this testimony prevents our finding harmless error. In effect, he asked the jury to carry over any lingering doubts they may have entertained from the guilt phase to the punishment phase. Laying aside the fact that the evidence presented left no room for a reasonable doubt that he was his victim's executioner, the state presented much evidence in addition to the two questionable prior convictions. The prosecution produced unrebutted testimony of Thompson's reputation for violence. It also presented four other prior convictions, all of which were properly admitted. In fact, the jury already had before it Thompson's 1956 state burglary conviction. Thus, the erroneous introduction of his federal burglary conviction added no qualitatively significant new information for the jury to consider. Thompson's conduct evinces such a callous disregard for the value of human life that any jury would have been led to assess the maximum sentence.

Because of the brutality of Thompson's crime, the additional evidence of his violent propensities, the presence of four other properly admitted prior convictions, and the similarity of the improperly admitted conviction with a properly admitted conviction, we hold that the admission of Thompson's 1959 federal felony conviction at the punishment stage of his trial was harmless error beyond a reasonable doubt.

The same result necessarily follows with respect to the admission of Thompson's 1956 misdemeanor conviction for unlawful possession of a barbiturate. The jury already had before it the properly admitted 1963 conviction for a similar offense. In light of the factors enumerated above, the introduction of this prior uncounselled misdemeanor conviction was harmless error beyond a reasonable doubt.

The judgment of the district court is AFFIRMED.