**William R. PHILLIPS, Petitioner,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility, Respondent.**

No. 79 Civ. 1782.

United States District Court, S.D. New York.

Nov. 24, 1982.

William M. Kunstler, New York City, for petitioner.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondent; Robert Pitler, Asst. Dist. Atty., New York City, of counsel.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner William Phillips, a former New York City police officer, was convicted on November 21, 1974 of two counts of murder and one count of attempted murder after a jury trial in New York State Supreme Court, New York County.[1] The convictions were affirmed without opinion by the Appellate Division, *People v. Phillips,* 52 A.D.2d 758, 384 N.Y.S.2d 715 (1st Dept. 1976), and leave to appeal to the Court of Appeals was denied, 39 N.Y.2d 949, 386 N.Y.S.2d 1039, 352 N.E.2d 894 (1976). Petitioner subsequently filed a motion to vacate the judgment in New York State Supreme Court pursuant to N.Y.Crim.Proc.Law § 440.10. Justice Irving Lang denied the motion on January 3, 1979 and leave to appeal to the Appellate Division was denied on February 15, 1979. On reargument, Justice Lang again declined to vacate the judgment of conviction.

On April 5, 1979 petitioner filed the instant petition attacking his convictions on the following grounds: (1) that he was denied his constitutional right to due process in that facts which were known to the prosecution but undisclosed to petitioner purportedly established that two of the jurors were biased; and (2) that the trial court improperly admitted a tape recording of petitioner's allegedly immunized statements to the chief counsel to the Knapp Commission on police corruption. The petition was granted by Judge Pierce, who did not reach the immunity issue, on the ground that one of the jurors was impliedly biased. 485 F.Supp. 1365 (S.D.N.Y.1980). The Court of Appeals affirmed Judge Pierce's decision, 632 F.2d 1019 (2d Cir.1980), but the Supreme Court reversed and reinstated the judgment of conviction, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). The case has now been remanded to this court for consideration of petitioner's immunity claim.

Petitioner was a New York City police officer assigned to the 25th Precinct in Manhattan. According to Michael Armstrong, the chief counsel to the Knapp Commission on police corruption, petitioner agreed in 1971 to work as an undercover agent for the Commission and to provide information on police corruption to the Commission in exchange for a grant of immunity. Sometime during the summer of 1971, Armstrong recorded a conversation with petitioner in which petitioner recounted many of his corrupt activities, including his involvement with a pimp and bookmaker named Jimmy Smith who had been murdered in 1968. Petitioner stated in that conversation that he had extorted approximately $1500 from Smith, and then had put Smith "on the pad" for $100 a month, *i.e.,* Smith was forced to pay petitioner $100 per month to avoid being arrested for his illegal activities.

Petitioner was indicted in March 1972 for the murders of Smith and a prostitute named Sharon Stango, and for the attempt-

1. A prior trial ended in a hung jury in August 1972.

ed murder of a Mr. Charles Gonzalez. At trial, petitioner testified that he had extorted $1500 from Smith in 1965, but never received regular payments from Smith thereafter. The prosecutor subsequently introduced petitioner's taped conversation with Armstrong which directly contradicted petitioner's testimony.

Petitioner now claims that the prosecutor's use, to impeach petitioner's testimony, of the allegedly immunized statements on the tape recording deprived petitioner of his federal constitutional rights. It is undisputed that this contention was first raised in petitioner's state court motion to vacate the judgment pursuant to New York Crim. Proc.Law § 440.10, following affirmance of the conviction by the state appellate courts on direct appeal. In adjudicating petitioner's § 440.10 motion, Justice Lang held that under the relevant state procedural rules, petitioner's claim was barred by his failure to raise the claim at trial in a timely fashion. Justice Lang further held that the claim was untenable on the merits, principally on the ground that the use of the recorded statements only for impeachment purposes was not unlawful even if petitioner in fact had been granted immunity.

On reargument, Justice Lang changed his analysis of the merits in light of the Supreme Court's intervening decision in *New Jersey v. Portash,* 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1978), which held that statements given in response to a grant of immunity cannot be used to impeach the testimony of a criminal defendant at trial. However, Justice Lang further held that the use of the recorded statements against petitioner was "harmless error beyond a reasonable doubt." In addition, Justice Lang adhered to his original decision that the immunity claim was barred by petitioner's procedural default.

The State contends that as a result of petitioner's state law procedural default, petitioner has forfeited his immunity claim as a ground for federal habeas relief under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Under *Sykes,* where the state courts have held that a petitioner's federal claim is forfeited due to

noncompliance with state procedural rules, federal habeas relief is also barred "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation." 433 U.S. at 84; *see Klein v. Harris,* 667 F.2d 274, 285 (2d Cir.1981). Petitioner contends that *Sykes* is not applicable where, as in the instant case, the state courts have rejected the federal claim both on state procedural grounds and on the merits. The court first turns to this important threshold issue and then, having concluded that *Sykes* is applicable, next applies the *Sykes* cause-and-prejudice analysis to the facts of the instant case.

*Sykes* and its progeny address the difficult issue of whether state convictions which are premised on state procedural grounds are immune from review in the federal courts. It is clear that where a state court has held that the petitioner's federal claim is forfeited due to a procedural default and therefore has refused to hear the federal claim, the availability of federal habeas relief is governed by the cause-and-prejudice analysis set forth in *Sykes. Klein v. Harris,* 667 F.2d 274, 284–85 (2d Cir.1981). It is also true that where a New York State appellate court affirms a conviction without opinion, and both procedural and substantive grounds supporting the conviction were argued to that court by the prosecution, the federal habeas court must presume that the state court decision was premised on the procedural default and that *Sykes* is therefore applicable. *Martinez v. Harris,* 675 F.2d 51, 54–55 (2d Cir.1982). On the other hand, since there is "no warrant ... for guarding state procedural rules more vigilantly than the State itself does," *Washington v. Harris,* 650 F.2d 447, 452 (2d Cir. 1981), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1455, 71 L.Ed.2d 666 (1982), *Sykes* does not bar federal habeas relief merely upon a showing that an adequate state procedural ground was available to support the conviction; there must be a demonstration that the state courts expressly or impliedly relied on the procedural default. *See Klein, supra,* 667 F.2d at 285.

The precise issue now before the court, *i.e.,* whether *Sykes* is applicable when the

state court expressly relied on both a procedural bar and the merits of the underlying claim, has yet to be addressed by the Second Circuit and has divided the Courts of Appeals that have addressed the issue. Several courts have held that *Sykes* does not apply unless the state courts exclusively relied on the procedural default. *See Rogers v. McMullen,* 673 F.2d 1185, 1188 (11th Cir.1982); *Thompson v. Estelle,* 642 F.2d 996, 998 (5th Cir.1981); *Bradford v. Stone,* 594 F.2d 1294, 1296 n. 2 (9th Cir.1979). The Sixth Circuit has held that *Sykes* is applicable so long as the procedural default was a "substantial basis" of the state court's decision, *Hockenbury v. Sowders,* 620 F.2d 111, 115 (6th Cir.1980), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981), and the Eighth Circuit has held that *Sykes* is applicable at least where the decision on the merits may be construed to be dicta, *Dietz v. Solem,* 640 F.2d 126, 131–32 n. 1 (8th Cir.1981). Finally, the Third Circuit has recently held that *Sykes* is applicable whenever the state courts rely on a procedural rule as an alternate holding. *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435 at 439 (3d Cir.1982).

This court agrees with the Third Circuit's careful and persuasive analysis in *Caruso.* The Third Circuit reasoned that an alternate holding has the same precedential force as a single holding, and the same state interests are served by the enforcement of procedural rules irrespective of whether the state court proceeds to discuss the merits of the underlying dispute. *Id.* In addition, a state court may be inclined to offer its views on the merits simply to indicate that reliance on the procedural rule is not creating a harsh result in the given case, and it would not be desirable for federal habeas courts to discourage this practice. *Id.,* at 439–440. Finally, the court noted that a federal court may withhold habeas relief due to a procedural default even when it is unclear whether the state courts relied on a procedural rule, *see, e.g., Martinez, supra,* 675 F.2d at 54–55, and that "there is at least as much justification for respecting a procedural default ruling when there are alternate holdings." *Caruso, supra,* at 440.

The essential principle underlying *Sykes* is that *reasons of comity and finality should ordinarily preclude a federal court from reviewing state court judgments that rest on adequate and independent state grounds. See Martinez, supra,* 675 F.2d at 53. There are no sound reasons for refusing to apply this principle simply because the state judgment also rests, in the alternative, on the state court's view of federal law. Accordingly, the court holds that petitioner has forfeited his federal immunity claim as a ground for federal habeas relief unless he can demonstrate adequate cause for his procedural default and prejudice resulting from the alleged violation of federal law.

Petitioner attempts to demonstrate cause for his failure to raise a timely objection to the use of the recorded statements by arguing that he lacked sufficient knowledge to inform his trial counsel of the immunity issue. Petitioner claims that he was under the mistaken belief that the grant of immunity pertained only to prosecutions involving police corruption and that he had no idea that the immunity applied to his murder prosecution. In support of this contention petitioner asserts that several members of the United States Attorney's Office informed him that he had no such immunity.

Petitioner asserted this same claim before Justice Lang in petitioner's § 440.10 motion to vacate the judgment. *People v. Phillips,* 97 Misc.2d 665, 412 N.Y.S.2d 94 (Supreme Ct., New York County, 1979). Justice Lang rejected this contention on the basis of petitioner's own submissions to the court which included affidavits by petitioner and by Michael Armstrong, the chief counsel to the Knapp Commission, asserting that petitioner was granted full and complete immunity for all matters concerning his statements to the Commission.[2] These affidavits led Justice Lang to conclude that "long prior to his indictment, the defendant was aware that he had, at least, a colorable claim of immunity." *Id.* at 667, 412 N.Y.S.2d 94.

The court agrees with Justice Lang, on the basis of petitioner's own submissions

---

**2.** The relevant affidavits are also included in the record of the instant petition.

both here and in the state courts, that petitioner had knowledge of at least a colorable claim of immunity prior to the commencement of his trial. Petitioner's alleged lack of knowledge simply cannot be reconciled with the evidence in the record offered by petitioner to establish the fact of the grant of immunity, which clearly indicates that petitioner understood that he had full and complete immunity with regard to the statements which were used to impeach his testimony at trial. Since the record establishes that the basis for a colorable constitutional claim was available at the time of trial, petitioner's purported unawareness of the claim is not sufficient cause to satisfy the *Sykes* standard. *See Engle v. Isaac,* 102 S.Ct. 1558, 1574–75 (1982).

Since petitioner has failed to show sufficient cause for not raising a timely objection to the prosecutor's use of the allegedly immunized statements, federal habeas review of his immunity claim is barred. *Sykes, supra,* 433 U.S. at 84, 97 S.Ct. at 2505. The petition is accordingly dismissed.

So Ordered.