**Lee Curtis NICHOLS, Petitioner,**

v.

**A.G. THOMAS, Warden, Georgia State Prison, Respondent.**

**No. 1:91–cv–1179–CAM.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 27, 1992.

Lee Curtis Nichols, pro se.

Paula K. Smith, Office of State Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

MOYE, District Judge.

The Magistrate's Report and Recommendation of December 27, 1991 and petitioner's objections of January 17, 1992 having been read and considered; the court REFUSES to ADOPT said Magistrate's Report and Recommendation [# 14–1] in whole. The court adopts all portions of the Magistrate's Report and Recommendation except for the section dealing with petitioner's first ground for his federal habeas corpus petition, i.e., the trial judge refused to dismiss for cause a juror who was the spouse of the prosecutor's volunteer investigator.[1]

The Sixth Amendment to the U.S. Constitution provides that a defendant in a criminal prosecution has a right to a trial by an impartial jury. This federal constitutional right is binding not only upon the federal courts, but also upon the individual states through the due process clause of the Fourteenth Amendment. *Duncan v. State of Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

In determining whether a defendant was deprived of this Sixth Amendment right, the federal courts have distinguished between those actions involving claims of actual jury bias and those involving implied bias. *Phillips v. Smith,* 485 F.Supp. 1365, 1370 (D.C.N.Y.1980) *aff'd* 632 F.2d 1019, (2d Cir.1981), *cert. granted* 450 U.S. 909, 101 S.Ct. 1345, 67 L.Ed.2d 332, *rev'd* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78, *on remand* 552 F.Supp. 653, (D.C.N.Y.), *aff'd* 717 F.2d 44 (2d Cir.1983), *cert. denied* 465 U.S. 1027, 104 S.Ct. 1287, 79 L.Ed.2d 689.

■■■ Although the record does not indicate existence of any actual bias [2] the court may nevertheless find that a juror occupies a status or is a party to a relationship which, as a matter of law, raises the presumption of partiality. *Phillips,* 485 F.Supp. at 1371. This presumption is conclusive and may not be defeated by affirmations of neutrality by the juror. *Id.* In adjudging a claim of implied jury bias, the court must determine whether the average man in the position of the juror in controversy would be prejudiced. *Id.*

■■■ In determining whether implied jury bias existed, the court must be cautious so as to not "create a set of unreasonably constricting presumptions that jurors [are impliedly biased because of] certain occupational or special relationships which might bear directly or indirectly on the circum-

1. The court does not see any procedural default in this case because at the trial, petitioner's attorney did object to Mr. Keys being one of the impanelled jurors and requested that he be dismissed. It was not necessary that he object again after the trial court denied his request.

2. Mr. Keys did not respond affirmatively to the question, "Have you any prejudice or bias resting on your minds either for or against the accused?" (Trial Transcript, at 16) In addition, Mr. Keys did not respond negatively to the ques-tion, "Is your mind perfectly impartial between the State and the accused?" (Trial Transcript, at 16) The only involvement of Mrs. Keys in the case was that she was given a list on the morning of petitioner's trial, was told that the brother and mother of the victim would be present and was told to call an extra witness to come to court. Mrs. Keys had not had any communication with her juror husband concerning the case. The trial court ruled that Mrs. Keys could no longer participate in the case.

stances of a given case...." *Mikus v. United States,* 433 F.2d 719, 724 (2d Cir. 1970). For example, it is clear that mere current governmental employment of a juror, unrelated to the circumstances of a criminal prosecution, is not sufficient to raise a conclusive presumption of jury bias. *United States v. Wood,* 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78 (1936). In this case, however, Mrs. Keys's work directly involved the criminal prosecution of petitioner. Although Mr. Keys does not work for the prosecutor's office, in view of the close relationship between a husband and wife, it would be deemed that he assisted the prosecutor due to this status.

The court in *Phillips,* 485 F.Supp. 1365, held that where it was reasonable to conclude that the average person in the juror's position of seeking employment as an investigator with the major felony unit in the district attorney's office would believe that the verdict of jury would directly affect the evaluation of his job application, this juror was impliedly biased and petitioner would be entitled to habeas relief, despite the lack of evidence of actual bias. An average person in Mr. Keys's position as the husband of a volunteer worker at the district attorney's office would be partial to the prosecutor's case. *But see Moore v. Harris,* 469 F.Supp. 945 (S.D.N.Y.

1979); *Williamson v. Erickson,* 354 F.Supp. 1130 (S.D.S.D.1973). Finally, the fact that Mr. Keys was replaced by an alternate juror after only three state witnesses had testified does not cure the possibility, perhaps even remote, of a taint already created in the jury panel.

Therefore, the court GRANTS the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [# 1–1], as amended to delete unexhausted state grounds [# 11–1], and the petitioner shall be released unless retried within 120 days of the entry of this order.

Petitioner's motion for appointment of counsel [# 12–1] is DENIED as recommended by the Magistrate. Finally, petitioner's motion to extend time to file his objections to the Magistrate's Report and Recommendation [# 15–1] is GRANTED and the court has considered petitioner's objections of January 17, 1992.

SO ORDERED.