107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William R. PHILLIPS, Petitioner-Appellant,
v.
Hans G. WALKER, Superintent Auburn Correctional Facility;
State of New York, The People of the State of New
York, Respondent-Appellees.
 No. 96-2126.
 United States Court of Appeals, Second Circuit.
 Jan. 9, 1997.
 
 1
 Appearing for Appellant:Robert E. Nicholson, N.Y., N.Y.
 
 
 2
 Appearing for Appellee:Eleanor J. Ostrow, Ass't Dist. Att'y, N.Y., N.Y.
 
 
 3
 Present KEARSE, CABRANES, C.J., KELLEHER, District Judge*.
 
 
 4
 Petitioner William R. Phillips, a New York State ("State") prisoner convicted in 1975, after a second trial, on two counts of murder and one count of attempted murder, appeals from a judgment of the United States District Court for the Southern District of New York, Sonia Sotomayor, Judge, denying his second petition for a writ of habeas corpus to set aside his convictions principally on grounds of (1) new evidence of actual innocence, (2) ineffective assistance of trial counsel, (3) the State's failure to produce Brady material, and (4) ineffective assistance of appellate counsel. Phillips pursues these arguments on appeal and contends that the court should not have rejected his contentions without an evidentiary hearing. For the reasons that follow, we affirm the judgment.
 
 
 5
 New evidence is not a basis for the granting of habeas corpus unless it reveals "a constitutional violation [that] probably has caused the conviction of one innocent of the crime." McClesky v. Zant, 499 U.S. 467, 494 (1991). The new evidence submitted by Phillips neither reveals a constitutional violation nor shows that Phillips was probably innocent. The new evidence consists principally of affidavits expressing the respective affiants' current uncertainties about testimony they gave more than 20 years ago at Phillips's trial. On its face, the evidence falls short of indicating that testimony given at the trial was perjurious, and it provides no proof that Phillips was innocent. In light of the facial insufficiency of Phillips's new evidence, no evidentiary hearing was required.
 
 
 6
 Phillips's claim of ineffective assistance of trial counsel was properly rejected because of Phillips's procedural default and his failure to overcome that default by a showing of cause and prejudice, see generally McClesky v. Zant, 499 U.S. at 494-95; Roman v. Abrams, 822 F.2d 214, 222-23 (2d Cir.1987), cert. denied, 489 U.S. 1052 (1989). The principal facts on which this claim is based, i.e., the failed strategy of seeking to deceive an investigating officer in a way that would result in his being deemed an untrustworthy witness, were known to Phillips at least as early as the time of his second trial; yet he did not raise it in the state courts on direct appeal and or in his multiple postconviction proceedings, including his previous federal habeas petition. In any event, Phillips has not met the test for showing constitutionally ineffective assistance of counsel, to wit, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Strickland v. Washington, 466 U.S. 668, 694 (1984), and that the alleged errors were not actions that "might be considered sound trial strategy,' " id. at 689 (internal quotation marks omitted). Plainly counsel's ruse in which Phillips himself participated, though unconventional, was a strategic choice. The fact that the tactic failed affords Phillips no basis for a claim of constitutionally ineffective assistance. Phillips's additional contention that counsel had a conflict of interest is insufficiently supported. In the absence of more evidence than simply counsel's withdrawal from the case and his representation of another client several weeks thereafter, the suggestion that counsel's representation of Phillips was marred by conflict of interest is purely conjectural. Speculation of this nature did not warrant an evidentiary hearing.
 
 
 7
 Nor do we see error in the district court's rejection of Phillips's claim that the State failed to turn over favorable evidence that was material to his defense. See Brady v. Maryland, 373 U.S. 83, 87 (1963). Favorable evidence is material "if there is a reasonable probability that had the evidence been disclosed to the defense the result of the proceeding would have been different." Kyles v. Whitley, 115 S.Ct. 1555, 1565 (1995) (internal quotation marks omitted). The district court did not err in concluding that the alleged omissions would not likely have affected the trial outcome.
 
 
 8
 Phillips's claim of ineffective assistance of appellate counsel is principally that appellate counsel failed to raise an ineffective assistance claim based on trial counsel's failure to raise an immunity objection to questions posed to Phillips at trial on the basis of a cooperation agreement he had entered into with federal authorities. The district court properly rejected this claim. This Court has noted that the issue is procedurally barred, see Phillips v. Smith, 717 F.2d 44, 51-52 (2d Cir.1983), cert. denied, 465 U.S. 1027 (1984), and a state court has described the unargued point as "untenable," People v. Phillips, 412 N.Y.S.2d 94, 96 (Sup.Ct.N.Y.Co.1979).
 
 
 9
 We have considered all of Phillips's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Robert J. Kelleher, of the United States District Court for the Central District of California, sitting by designation